**TRAMCO ENTERPRISES,
INC., Appellant,**

v.

**INDEPENDENT AMERICAN SAVINGS
ASSOCIATION, Thomason Properties,
Inc., and Monty Thomason, Jr., Appel-
lees.**

**No. 2–86–110–CV.**

Court of Appeals of Texas,
Fort Worth.

Oct. 29, 1987.

---

Locke, Purnell, Boren, Laney & Neely and Michael L. Jones, Michael H. Collins, Dallas, for appellant.

Brice & Mankoff and Alan Leibel and Michael R. Swan, Dallas, Ball, Landrith, Kulesz & Hubble and Chester G. Ball, Arlington, for appellees.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is an appeal by petition for writ of error from the trial court's dismissing with prejudice appellant Tramco's claim in intervention. The trial court entered an order of dismissal with prejudice between Monty Thomason, Jr. and Thomason Properties, Inc., (Thomason), Independent American Savings Association ("Independent"), and Gary M. Pridavka, the opposing parties in the main lawsuit, and included in the dismissal the intervention claim of Tramco.

We reverse and remand the judgment dismissing Tramco's intervention.

A review of the case reveals that Thomason filed suit against Independent & Pridavka to enjoin the foreclosure of Independent's deed of trust covering a construction site owned by Thomason. The court issued a temporary restraining order, but it was not served upon Independent, and the foreclosure sale was held. Thereafter, Tramco filed its original petition of intervention asserting claims against Thomason Properties, Thomason Jr., and Independent. When Thomason, Independent, and Pridavka settled the claims between them, Thomason submitted a motion with a proposed order of dismissal to the trial court. A copy of the motion to dismiss was not sent to Tramco nor its counsel. The motion did not contain a certificate of service. Tramco did not receive notice of the filing of the motion to dismiss.

The motion to dismiss requested that the trial court "fully dismiss the above entitled and numbered cause with respect to Independent American Savings Association and Gary M. Pridavka." The prayer asked only that Thomason Properties' suit against Independent and Pridavka be dismissed. The motion did not seek dismissal of nor mention Tramco's intervention action. Without a hearing, the trial court entered the order of dismissal on November 26, 1985, stating that the cause was dismissed with prejudice with respect to Independent and Pridavka. The trial judge inserted into the order in his own handwriting the language "any relief not herein granted is denied." The order was mailed to each attorney of record on December 2, 1985 including Tramco's. Discovery matters nevertheless later occurred among the attorneys on the intervention matter.

On April 22, 1986, Independent filed a plea in bar and motion for summary judgment alleging as one of its grounds that the trial court's insertion of the phrase "any relief not herein granted is denied" had fully and finally dismissed all claims pending in the action, including Tramco's claim. Independent claimed that the order was final because over 30 days had elapsed

since the court signed the order. Independent contended that the trial court had lost jurisdiction to hear the case. At a hearing on the plea in bar on May 16, 1986, the court ruled that its November 26, 1985 order of dismissal was a final judgment and that the order had dismissed with prejudice Tramco's intervention claims against Thomason Properties, Thomason, Jr. and Independent.

The record does not contain a statement of facts of the plea in bar hearing on May 16, 1986. Only the court's ruling is noted on the docket sheet. However, Independent has not challenged the statements in Tramco's brief regarding the facts underlying the record except that Independent notes appellant received a copy of the order of dismissal soon after the order was signed. Therefore, we accept the facts set out in appellant's brief as permitted in TEX.R.APP.P. 74(f), that it received no notice of the hearing and did not get an opportunity to appear.

In three points of error, Tramco asserts that the trial court erred in holding that its order of dismissal had dismissed Tramco's claims. Tramco argues the dismissal was not effective because: (1) it did not receive notice of the motion to dismiss and thus was unable to appear and defend itself against the order; (2) the motion to dismiss did not request any relief against Tramco's claims; and (3) Tramco was denied due process of law by the dismissal without notice.

■ To succeed by writ of error review, Tramco must show: (1) that the petition for writ of error was filed within six months of the date of final judgment; (2) that it was a party to the suit; (3) that it did not participate in the trial; and (4) that error was apparent from the face of the record. *Brown v. McLennan County Etc.*, 627 S.W.2d 390, 392 (Tex.1982); TEX.R.APP.P. 45. We conclude Tramco meets all four requirements. It is undisputed that Tramco timely petitioned for writ of error and that Tramco was a party to the suit. The remaining two issues presented here are

whether Tramco participated in the trial and whether error appears on the face of the record.

■ We will first consider whether Tramco participated in the trial. TEX.R. APP.P. 45(b) provides that:

No party who participates either in person or by his attorney in the *actual trial* of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error. [Emphasis added.]

*Id.* The Texas Supreme Court has defined the meaning of "actual trial" in article 2249a, section 1, TEX.REV.CIV.STAT. ANN., now TEX.R.APP.P. 45, as a hearing in open court leading up to the rendition of judgment on questions of law and fact. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). The extent of participation in the actual trial of the case which would preclude a party from obtaining appellate review by writ of error is one of degree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985). The courts have recognized that a large degree of participation is required before a party is denied appeal by writ of error, especially considering that statutes giving or regulating the right of appeal should be liberally construed in favor of the right of appeal thereunder. *See Lawyers Lloyds*, 152 S.W. 2d at 1098. For example, filing an answer [*Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340 (Tex.App.—Amarillo 1967, writ ref'd n.r.e.)], signing a waiver of citation, or signing an agreement dividing marital property incident to divorce [*Stubbs*, 685 S.W.2d at 645], is not participation. However, taking part in all prior steps of a summary judgment proceeding except appearing at the hearing on the motion for summary judgment [*Norman v. Dallas Cowboys Football Club*, 665 S.W.2d 137 (Tex.App.—Dallas 1983, no writ)], or waiving citation and signing a judgment prior to its entry by the trial court [*Blankinship v. Blankinship*, 572 S.W.2d 807 (Tex.Civ.App. —Houston [14th Dist.] 1978, no writ)] is participation.

■ We find that Tramco did not participate in the actual trial of the case to a degree sufficient to deny it from obtaining writ of error review. Tramco did not discover that a judgment had been rendered against it until *after* the judgment had been entered. The motion to dismiss was submitted to the trial court without notice to Tramco and no hearing was held on the motion. Tramco had no opportunity to participate in the events leading up to the entry of the order of dismissal. The procedure of appealing by writ of error was not intended to cut off the rights of those who discover that a judgment has been rendered against them after the judgment has been rendered. *Lawyers Lloyds*, 152 S.W. 2d at 1097–98.

Appellees' argument that Tramco participated in the trial by filing a petition in intervention, participating in discovery, and receiving appellee's answers to the plea in intervention and a copy of the order of dismissal are without merit. Appearing, answering, filing pleadings, seeking various forms of relief and participating in preliminary hearings is not participating *in the actual trial that produced the judgment* appellant now attacks. *See Davis v. Hughes Drilling Co.*, 667 S.W.2d 183, 184 (Tex.App.—Texarkana 1983, no writ); *In Interest of Van Hersh*, 662 S.W.2d 141, 144 (Tex.App.—Amarillo 1983, no writ). We find Tramco did not participate in the trial.

We next consider whether appellant has shown error apparent from the face of the record. We find that the error appears on the face of the record for three reasons: (1) the civil procedure notice rules were not complied with by appellee; (2) such noncompliance violated appellant's right to due process; and (3) the trial court abused its discretion by dismissing appellant's claims when the motion did not request such relief and appellant had no notice of the motion for dismissal.

First, the invalidity of the order of dismissal appears from the face of the record because Independent did not give Tramco notice or a copy of the motion for dismissal.

Texas Rule of Civil Procedure required that:

> An application to the court for an order and notice of any hearing thereon ... shall be served upon the adverse party not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court.

TEX.R.CIV.P. 21. Texas Rule of Civil Procedure 21a requires that any motion submitted to the court must be delivered to opposing counsel either in person or by certified mail. In addition, TEX.R.CIV.P. 72 states that whenever any party files a motion of any character, that party must deliver or mail the motion to all parties or their attorneys and must certify to the court in writing on the filed pleading that he has complied with rule 72. TEX.R. CIV.P. 61 provides that these rules of pleading apply to intervenors.

None of these rules were complied with in this case. Tramco was not given notice of the motion to dismiss and was not served with a copy. The letter submitting the motion to dismiss to the trial court, sent by Independent's attorney, shows that Thomason's attorneys were sent a copy of the letter and motion, but that Tramco's attorney was not sent a copy. Tramco was a party to the suit when the letter was sent. The motion contained no certificate of service which is required by TEX.R. CIV.P. 72.

In a case very similar to the facts of this case, the San Antonio Court of Appeals in *Kuykendall v. Spicer*, 643 S.W.2d 776, 778 (Tex.App.—San Antonio 1982, no writ) reversed a judgment of dismissal, ordered the trial court to reinstate the case on the trial court's docket and held the dismissal constituted an abuse of the trial court's discretion. *Kuykendall* involved a motion to dismiss for want of prosecution. The motion to dismiss had not been served upon appellant's attorney, nor did the motion contain a certificate of service evidencing any effort to comply with TEX.R.CIV.P. 72. The appellant in *Kuykendall* was giv-

en no notice of the motion to dismiss nor was he allowed the opportunity to present evidence in opposition to the motion. Appellant's motion to reinstate was overruled. *Id.* at 777.

We find the record in the instant case shows on its face that appellant Tramco did not receive notice of Thomason Properties' motion to dismiss, was not otherwise served with a copy of the motion, and the motion contained no certificate of service. Obviously Tramco received no notice because the motion dealt only with those parties settling their dispute, not with the intervenors suit. Appellees nevertheless contend that error does not appear from the face of of the record and rely upon this court's decision in *Johnson v. J.W. Construction Co.*, 717 S.W.2d 464, 466 (Tex. App.—Fort Worth 1986, no writ). In *Johnson*, the trial court dismissed *appellant's case for want of prosecution.* The appellants appealed by petition for writ of error alleging that the trial court abused its discretion in failing to give them notice of the dismissal. This court held the record *did not reflect* that the dismissal *was ordered without notice* to the Johnsons. The Johnsons had filed a motion for a new trial and a motion to reinstate the case and a hearing was held on the motions. This court was not presented with a statement of facts of that hearing on the motion to reinstate. Therefore, the court held the alleged lack of notice of the original dismissal was not apparent from the face of the record. The *Johnson* case is distinguishable from this case on appeal.

■ In this case, appellees do not dispute that appellant did not receive *notice* of the motion for dismissal, although there is no statement of facts to review. We hold the fact established that appellant's did not receive notice of the motion for dismissal. Where the motion or judgment of dismissal does not show that notice of such action was given to a party, due process requires that adequate notice be given before judgment be rendered dismissing its suit, and the court will not presume such

notice was otherwise given. *See Rotello v. State,* 492 S.W.2d 347, 349 (Tex.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.), *per curiam,* 497 S.W.2d 290, 291 (Tex. 1973).

■ Second, error appears from the face of the record because appellees' failure to give notice to Tramco of the motion for dismissal amounts to a denial of due process. Due process requires adequate notice be given of a hearing on a motion to dismiss a suit before judgment is rendered dismissing the suit. *Rotello,* 492 S.W.2d at 349-50; *Kuykendall,* 643 S.W.2d at 778. When a party has not received notice before an order is signed resulting in a final dismissal of the party's cause of action, it involves more than a mere violation of the rules of practice and procedure. This is because it involves the right of a plaintiff who has alleged and filed a cause of action not to be deprived of an opportunity to try his case. *State v. Perkins,* 143 Tex. 386, 185 S.W.2d 975, 977 (1945). Similarly, Tramco in this case was deprived of the opportunity to try its case and defend against the dismissal of its claims because it did not receive notice of the motion to dismiss.

Third, error appears from the face of the record because the trial court, without notice to appellant, dismissed appellant's claims although the motion to dismiss did not request such relief against appellant. Thomason Properties' motion to dismiss sought only to dismiss the claims between Thomason Properties, Independent and Pridavka, and did not seek to have appellant's intervention dismissed. The trial court on its own inserted the phrase "any relief not herein granted is denied." The docket sheet reflects, and both parties agree, that the trial court ruled later that the order of dismissal was a final judgment dismissing all claims with prejudice, including appellant's claims. We hold that the trial court was in error in finding that the order was a final judgment dismissing appellant's claims, when the motion for dismissal did not seek that relief, and the trial court had no discretion to act to do so.

A similar fact situation has been reviewed by the Texas Supreme Court in summary judgment proceedings. In *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984), the plaintiffs sought declaratory judgment against three defendants. Two of the defendants moved for summary judgment, but the third defendant did not. The trial court granted the summary judgment for the two, and granted a final judgment for the third defendant who had not filed a motion. The Supreme Court reversed and remanded for trial as to the third defendant because the trial court had erred in rendering final judgment for the third defendant, when the third defendant made no motion for summary judgment. The court ruled that the judgment should have been an interlocutory or partial summary judgment, stating:

> City [the third defendant] was not a party to the summary judgment proceedings either as a movant or nonmovant, and whether City received a favorable or adverse judgment, the trial court erred in finally adjudicating the rights of that party.

*Id.* at 703. In this case Tramco was not mentioned in Thomason's motion to dismiss either as a movant or non-movant. The trial court erred in ruling that its order of dismissal was a final judgment against appellant. *See Matthews Trucking Co. v. Smith,* 682 S.W.2d 237, 239 (Tex.1984).

Appellees mistakenly rely on the Supreme Court decisions in *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982) and *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966) for its argument that the trial court did not err in dismissing appellant's claims in its order of dismissal. These cases are distinguishable from the case before us.

In *Schlipf,* all the parties were before the court in the summary judgment proceeding but the trial court did not make an adjudication of all the issues. The trial court erroneously wrote the judgment as a final judgment. The Supreme Court held that the judgment was a final judgment and appealable but that the trial court erroneously granted a final judgment instead of a partial summary judgment. *Schlipf,* 644 S.W.2d at 454–55.

*North East* also differs from the case at bar. In *North East,* the Supreme Court held that:

> When a judgment, ... is rendered and entered *in a case regularly set for a conventional trial on the merits,* ... it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.... Of course, the problem can be eliminated entirely by ... a simple statement that all relief not expressly granted is denied.

*North East,* 400 S.W.2d at 897–98 (emphasis added). The *North East* rule is correct when applied to conventional trials on the merits with all parties cited and before the court. However, the rule is not applicable in partial summary judgment cases since there is no presumption in partial summary judgment cases that the judgment was intended to make an adjudication about all parties and issues. *Teer,* 664 S.W.2d at 704.

Likewise, the *North East* rule is not applicable to the instant case because: (1) appellant intervenor was not before the court in the motion to dismiss proceeding; (2) appellant was not named in Thomason's Properties motion to dismiss; and (3) Thomason Properties requested no relief as to appellant in its motion. No reasonable basis existed for appellees' belief that an adjudication could be made against or for a party not before the court. *See Matthews Trucking,* 682 S.W.2d at 239; *Teer* 664 S.W.2d at 704–705.

Error appeared on the face of the record because the trial court erroneously ruled that the order of dismissal was a final judgment which dismissed appellant's claims with prejudice. The trial court should have held that the dismissal order did not adjudicate appellant's rights against appellees.

We sustain appellant's three points of error, reverse the trial court's entry of the order of dismissal as to appellant, and remand the case for trial on appellant's intervention.