**FALCON RIDGE APARTMENTS JOINT VENTURE, Appellant,**

v.

**GENERAL ELECTRIC COMPANY, U.S. Airco, Inc. and First Co., Appellees.**

**No. 01–89–00008–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 26, 1990.

Rehearing Denied Sept. 6, 1990.

Gary L. Wickert, Houston, for appellant.

Richard A. Sheehy, Robert Bateman, Gregg S. Weinberg JoAnn Storey, and M. Karianne McCullough Houston, for appellees.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

ON MOTION FOR REHEARING

EVANS, Chief Justice.

This Court's opinion issued on August 31, 1989, is withdrawn, and the following opinion is substituted. Appellant's motion for rehearing is overruled.

This is an appeal by writ of error from an order dismissing appellant's suit for want of prosecution. In four points of

error, appellant asserts the trial court erred in dismissing its suit because it was not given notice of the trial court's intention to dismiss as required by TEX.R.CIV.P. 165a, or of the court's order of dismissal, as required by TEX.R.CIV.P. 306a.

This case was originally brought under theories of strict liability, breach of warranty, negligence, and violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon Supp.1990). Appellant alleged that a defective blower motor in a heating and air conditioning unit manufactured, assembled, and installed by appellee, General Electric, caught fire, causing property damage in excess of $178,000 at appellant's apartments. Suit was filed on August 13, 1984.

On October 8, 1988, appellant's attorney received a telephone call from the clerk's office asking why he had filed a motion to nonsuit one of the parties to the lawsuit, when the lawsuit itself had been dismissed for want of prosecution approximately five months earlier, on May 9, 1988. This was the first time appellant's attorney had notice that the cause of action had been dismissed. An investigation revealed the source of the error. The clerk's office, in processing orders permitting withdrawal of the attorney of record for five other plaintiffs in the lawsuit, inadvertently removed the name of appellant's attorney of record as well; consequently, no notice was sent to appellant or its attorney regarding the disposition of the lawsuit. On November 9, 1988, six months after the date the case was dismissed for want of prosecution, appellant filed its petition for writ of error.

■ To prevail in a writ of error proceeding, the appealing party must show that (1) the application for writ was filed within six months of the date of judgment, (2) by a party to the suit, (3) who did not participate in the trial, and (4) the error is apparent from the face of the record. *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390, 392 (Tex.1982). Here, as appellees point out in their brief, the only issue is whether reversible error is apparent from the face of the record.

Neither the order of dismissal nor the court's docket sheet indicates the required notices were sent to appellant or its counsel. Indeed, the court's records are completely silent on the matter. Appellant states in its brief that it was not sent any notice regarding the court's intention to dismiss the case for want of prosecution, nor was it sent any notice that the case had been dismissed as required by TEX.R. CIV.P. 306a, although notice was sent to all the other parties. Appellant has also affixed to its application for writ of error an affidavit executed by the head clerk of Harris County, 215th Judicial District, which states that, "due to a clerical error in processing the withdrawals" of certain attorneys for other parties, the name of appellant's counsel was removed as appellant's attorney of record, and that "because of this error," no notice was sent to appellant that the case was on the dismissal docket or that the court had ordered the case dismissed, though such notices were sent to the other parties.

■ Appellees do not argue in their brief, or contend on oral submission, that either of the required notices were sent to appellant. Appellees contend only that these deficiencies are "not apparent from the face of the record," because there is nothing in the transcript showing that the notices were *not* sent. In support of this proposition, appellees rely on cases indicating that a reviewing court may not consider evidence dehors the record as a basis for reversal in a writ of error proceeding. *See Solis v. Garcia*, 702 S.W.2d 668, 670 (Tex. App.—Houston [14th Dist.] 1985, no writ) (affidavit filed with petition for writ of error); *Johnson v. J. W. Constr. Co.*, 717 S.W.2d 464, 466 (Tex.App.—Fort Worth 1986, no writ) (clerk's affidavit). Appellees argue, therefore, that appellant's remedy, if any, is by bill of review. *See Danforth Memorial Hosp. v. Harris*, 573 S.W.2d 762, 763 (Tex.1978).

■ Rule 165a, of the Texas Rules of Civil Procedure imposes an affirmative duty on the trial court to give notice of its intent to dismiss a case for want of prosecution, and TEX.R.CIV.P. 306a requires that

the court give notice of its order of dismissal. The record does not show that either of these notices were given, as required by the Rules of Civil Procedure, and appellees do not contest appellant's assertions that the notices were not given. The failure to give such notice is a denial of due process under the fourteenth amendment to the United States Constitution. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988). Where the record does not show that such notice was given, and the party entitled to such notice asserts, without contradiction, that the notice was not given as required by the rules, the defect is apparent from the face of the record. *See L.B.L. Oil Co. v. Int'l Powers Serv., Inc.*, 777 S.W.2d 390, 391 (Tex.1989) (notice of post-answer default); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988) (notice of trial setting); *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985) (required statement of facts not filed); *Tramco Enter., Inc. v. Indep. Am. Sav. Ass'n*, 739 S.W.2d 944, 948 (Tex.App.—Fort Worth 1987, no writ) (required notice of trial setting); *Chow v. Dole*, 677 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1984, no writ) (required trial setting).

It is also undisputed that appellant did not discover the error in time to make an appropriate record of the error in the trial court. Thus, unless we consider appellant's application for writ of error, it will effectively be deprived of an appeal at law. *See Tramco*, 739 S.W.2d at 948 (distinguishing *Johnson*, 717 S.W.2d at 464, where appellant had the opportunity to develop a statement of facts in a motion for new trial and in a motion to reinstate).

Due process requires that adequate notice be given before an order is entered dismissing a suit for want of prosecution. *Tramco*, 739 S.W.2d 938; *see also Rotello v. State*, 492 S.W.2d 347, 349 (Tex.Civ.App.—Houston [1st Dist.]), *writ ref'd n.r.e.*, *per curiam*, 497 S.W.2d 290, 291 (Tex.

1973). Because a failure to give such notice deprives the party of its right to be heard by a trial court, such an omission constitutes more than a mere violation of procedural rules of practice. *Tramco*, 739 S.W.2d at 948.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings. Appellees' motion for rehearing is overruled.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

I respectfully dissent.

The majority holds that the absence of any showing in the record that required notices were given, combined with the uncontradicted assertion by an appellant *in the appellate court* that it did not get required notices, is sufficient to establish an "error apparent on the face of the record."

There is currently no statute or rule requiring anything to be placed in the trial court's file to affirmatively show that a required notice of intent to dismiss or a notice of dismissal was actually sent to the attorneys of record. In a case such as this, I do not agree that the lack of evidence in the record that notice was given, which evidence is not required to be in the record, constitutes any proof that notice was not given.[1]

I do believe it would be an improvement for the Texas Rules of Procedure to be amended to require the court clerks to place in the case files proof that notices, required to be sent under the rules, actually are sent.

In my opinion, this case is distinguishable from the cases relied on by the majority in that there is no "missing" certificate of service on an attorney's pleadings, and there was no motion for new trial, with either affidavits or testimony, in the trial

---

**1.** This case is distinguishable from a writ of error appeal involving the absence of a proper officer's return of citation in the file, for example. There is a specific rule requiring the return to be filed in the case before default judgment is granted, and therefore "error is apparent on the face of the record" when a proper officer's return is absent from the court's file. *See* TEX.R. CIV.P. 107; *United States ex rel. Adm'r of Small Business Admin. v. Charter Bank*, 694 S.W.2d 16, 18 (Tex.App.—Corpus Christi 1985, no writ).

court. Rather here, appellant asserts for the first time that it did not get notice, in papers filed *in this court*, attaching an affidavit from the head clerk of the trial court to its application for writ of error as proof that it never was sent the required notices. I express no opinion as to whether the affidavit could support relief for appellant in some other type of proceeding; however, in this writ of error proceeding, even if the appellee does not contest the truth of appellant's assertions, we cannot consider the affidavit because it was not before the trial court prior to final judgment, and in fact was not even part of the record brought up from the trial court for our review. The affidavit is clearly not a matter appearing "on the face of the record" and we are not authorized to consider it. *See Tankard–Smith, Inc. Gen. Contractors v. Thursby*, 663 S.W.2d 473, 476 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

I would grant the motion for rehearing and affirm the judgment of the trial court.