Carl R. HUBERT, Appellant,

v.

ILLINOIS STATE ASSISTANCE COMMISSION, Appellee.

No. A14–93–00121–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 16, 1993.

Rehearing Denied Jan. 6, 1994.

Delia M. Stephens, Houston, for appellant.

Steven L. Weltman, Andrew M. Chaplan, Mary C. Thompson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

The trial court granted summary judgment in favor of appellee in a suit on three student

loans made to appellant from 1969 to 1971. We reverse.

Appellee, Illinois Student Assistance Commission, formerly known as, Illinois State Scholarship Commission, sued appellant, Carl R. Hubert for the balance due on three promissory notes dated November 14, 1969, August 3, 1970, and August 26, 1971. Each note was in the principal amount of $1,500.00, bearing interest at a rate of 7% per annum until the notes were fully paid. Payments were to be made to Continental Illinois National Bank & Trust Company of Chicago. A copy of each note is attached to the plaintiff's original petition, filed on February 1, 1989, and plaintiff's first amended original petition filed on July 6, 1992. The appellant filed his original answer on March 13, 1989. The statute of limitations defense was not raised in this answer.

■ A hearing was set for August 4, 1992 on appellee's motion for summary judgment. Appellant filed a motion for leave to file a response to the motion for summary judgment on August 3, 1992. However, the record does not reflect that leave of court was granted. Appellant also filed an amended answer within seven days of the summary judgment hearing.[1] The trial court granted appellee's motion for summary judgment on October 15, 1992.

Appellant brings two points of error contending the trial court erred in granting summary judgment. Appellant also complains of the trial court's dismissal of his cross-claim, and refusal to grant his motion for continuance.

■ To prevail on a motion for summary judgment, the movant must show as a matter of law that there are no genuine issues of fact. TEX.R.CIV.P. 166a. The movant must show that it is entitled to summary judgment as a matter of law on each element of its cause of action. *Traylor v. Unitedbank Orange*, 675 S.W.2d 802, 804 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.). The motion and its supporting evidence must show that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). Even if the non-movant does not file a response and the motion for summary judgment is uncontroverted, the movant still carries the burden of proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden never shifts to the non-movant until the movant has established its entitlement to a summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989). The court must view the evidence in a summary judgment case in the light most favorable to the non-movant. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

■ Appellee's cause of action is for the recovery of debt. The applicable statute of limitations is a four-year period. TEX.CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). A cause of action on a note accrues upon its date, or if no date is stated, on the date of issue. TEX.BUS. & COM.CODE ANN. § 3.122 (Vernon 1968). The promissory notes in question all contained a maturity date of November 1, 1972, or a date within five months after cessation of full-time study at an approved educational institution, whichever occurred first. The dates of issue of the notes were November 14, 1969, August 3, 1970, and August 26, 1971. Appellee originally filed suit on February 1, 1989. Appellee filed his amended original petition on July

---

1. Except on leave of court, the non-movant must file any response and opposing affidavits at least seven days before the summary judgment hearing. TEX.R.CIV.P. 166a. If the response to summary judgment is filed late, the court must grant leave to file the response or it will not be before the court. *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985).

Pleading amendments sought within seven days of the time of trial are to be granted unless there has been a showing of surprise to the opposite party. *Rogers v. Gonzales*, 654 S.W.2d 509, 515 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). A summary judgment proceeding is a trial within the meaning of TEX.R.CIV.P. 63. See *Leche v. Stautz*, 386 S.W.2d 872 (Tex.App.—Austin 1965, writ ref'd n.r.e.). Unless the record shows that leave was denied, the appellate courts will assume it was granted. *Goswami v. Metropolitan Sav. and Loan Ass'n*, 751 S.W.2d 487, 490–91 (Tex.1988).

6, 1992. Thus, it appears from the face of the debt instruments which form the foundation of appellee's cause of action and are part of appellee's summary judgment evidence before the trial court that appellee's suit on the promissory notes is barred by the statute of limitation. See *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1972); *Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex.Civ.App.—Amarillo 1975, no writ). In other words, appellee's own summary judgment evidence established appellant's affirmative defense of statute of limitations and therefore, to be entitled to summary judgment appellee must produce sufficient summary judgment evidence negating the running of the limitations period as shown on the face of the debt instruments. No such evidence was produced by appellee. Unless the movant's summary judgment evidence is legally sufficient, the nonmovant is not required to produce summary judgment evidence controverting the movant's summary judgment proof in order to avoid an adverse summary judgment. See *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107 (Tex.1984). Accordingly, appellant's first and second points of error are sustained.

Appellant's third point of error contends that the trial court erred in dismissing his third-party action against G.C. Services. G.C. Services was hired by appellee to collect the debt from the three promissory notes. Appellant contends that the trial court, with no notice to appellant or an opportunity for hearing, dismissed the third party action. Appellee argues that appellant was present at the hearing and thus not harmed by the court's alleged failure to provide notice of its intent to dismiss. Appellee also argues that G.C. Services was never served or made a party to the third party action.

■ TEXAS RULE OF CIVIL PROCEDURE 165a imposes an affirmative duty on the clerk of the trial court to give notice of the court's intention to dismiss a case for want of prosecution, and TEXAS RULE CIVIL PROCEDURE 306a requires that the court give notice of its order of dismissal. The failure to give such notice is a denial of due process under the Fourteenth Amendment to the United States Constitution. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). The record in the instant case does not show that either of these notices were given, as required by the Rules of Civil Procedure. Where the record does not show that such notice was given, and the party entitled to such notice asserts, without contradiction, that the notice was not given as required by the rules, the defect is apparent from the face of the record. See *L.B.L. Oil Co. v. Int'l Powers Serv., Inc.*, 777 S.W.2d 390, 391 (Tex.1989); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988); *Falcon Ridge Apartments, Joint Venture v. General Elec. Co.*, 795 S.W.2d 21, 22–23 (Tex.App.—Houston [1st Dist.] 1989, no writ).

■ Due process requires that adequate notice be given before an order is entered dismissing a suit for want of prosecution. *Tramco Enter., v. Indep. Am. Sav. Ass'n*, 739 S.W.2d 944, 948 (Tex.App.—Fort Worth 1987, no writ); see also *Rotello v. State*, 492 S.W.2d 347, 349 (Tex.Civ.App.—Houston [1st Dist.]), writ ref'd n.r.e., *per curiam*, 497 S.W.2d 290, 291 (Tex.1973). Because a failure to give such notice deprives the party of its right to be heard by the court, such an omission constitutes more than a mere violation of procedural rules of practice. *Falcon Ridge*, 795 S.W.2d at 23; *Tramco*, 739 S.W.2d at 948. Appellant's third point of error is sustained.

Due to our disposition of appellant's first two points of error, it is not necessary to address appellant's fourth point of error. The judgment of the trial court is reversed and remanded for further proceedings.

J. CURTISS BROWN, C.J., concurring.

I concur in the results only.