NO.
12-06-00187-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

JEROME LEONARD JOHNSON, §          APPEAL
FROM THE 349TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

G. OLIVER, 

ASSISTANT WARDEN, ET AL.,    §          HOUSTON COUNTY,
TEXAS

APPELLEES 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION           








            Jerome
Leonard Johnson, an inmate in the Texas Department of Criminal
Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in
forma pauperis suit against Assistant Warden G. Oliver, as well as C. Cooper,
H.F. Reece, III, F. English, K.D. Anderson, and B. James (collectively “Appellees”).  In three issues, Johnson appeals the trial
court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies
Code, Chapter 14.  We affirm.

 

Background

            Johnson
is an inmate.  While incarcerated,
Johnson filed a civil suit against Appellees alleging that they are liable in
tort for theft of his property.  By his
suit, Johnson sought recovery of damages pursuant to the Texas Theft Liability
Act as well as recovery of court costs.[1]  Johnson further sought injunctive
relief.  In conjunction with his original
petition, Johnson filed a declaration of previous lawsuits, in which he designated
two previously filed actions. 








            On
May 9, 2006, without conducting a hearing, the trial court found that Johnson’s
suit was frivolous or malicious and dismissed it.  In its order, the trial court found that
Johnson “failed to file this lawsuit before the 31st day after the date [he]
received [a] written decision from the grievance system as required pursuant to
Section 14.005 [of the Texas Civil Practice and Remedies Code].” This appeal
followed.

 

Dismissal
Pursuant to Texas Civil Practice and Remedies Code Chapter 14








  In
his first and second issues, Johnson argues that the trial court improperly
dismissed his lawsuit pursuant to Texas Civil Practice and Remedies Code
section 14.005.[2]  We review the
trial court's dismissal of an in forma pauperis suit under an abuse of discretion
standard.  Hickson v. Moya,
926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.).  The trial courts are given broad discretion
to determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana
v. Patterson, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no
writ).  

  In
the instant case, the trial court made a finding in its order of dismissal that
Johnson failed to file his lawsuit before the thirty-first day after the date
he received a written decision from the grievance system as required by Texas
Civil Practice and Remedies Code, section 14.005.  However, we will affirm a dismissal if it was
proper under any legal theory.  See
Johnson v. Lynaugh, 796 S.W.2d 705, 706–07 (Tex. 1990); Birdo
v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

  Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of
inability to pay costs.[3] Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson,
926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a
claim before or after service of process if the court finds that the claim is
frivolous or malicious.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002).  In determining whether a
claim is frivolous or malicious, a trial court may consider whether the claim
is substantially similar to a previous claim filed by the inmate because the
claim arises out of the “same operative facts.”  Id. § 14.003(b)(4).  To enable a trial court to determine whether
the suit is substantially similar to a previous one, an inmate is required to
file a separate affidavit or unsworn declaration describing all other suits the
inmate has brought and stating the “operative facts” upon which relief was
sought.  Id. §
14.004(a)(2)(A).  Furthermore, the
declaration must state the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or
otherwise.  Id. §
14.004(a)(2)(D).

  In
the case at hand, Johnson’s unsworn declaration does not comply with Texas
Civil Practice and Remedies Code, section 14.004.  In his declaration, Johnson listed two
lawsuits he previously filed, but failed to sufficiently set forth all of the
information required by Section 14.004. 
For instance, with regard to the second previously filed case,  Johnson indicated that the case was
dismissed, but failed to indicate whether the dismissal was pursuant to Section
13.001, Section 14.003, or otherwise.  See
id. § 14.004(a)(2)(D). 
Johnson further failed to list the names of each party named in this
suit, instead categorizing them as “Eastham officials.” See id.
at § 14.004(a)(2)(C).[4]

  When
an inmate files an affidavit or declaration that fails to comply with the
requirements of section 14.004, “the trial court is entitled to assume that the
suit is substantially similar to one previously filed by the inmate, and
therefore, frivolous.”  Bell,
962 S.W.2d at 158; Williams v. Tex. Dep’t of Crim. Justice, No.
14-01-00646-CV, 2002 WL 1822424, at *2 (Tex. App.–Houston [14th Dist.] Aug. 8,
2002, pet. denied) (not designated for publication) (holding that dismissal was
proper because the appellant’s sworn statement did not disclose whether some of
his prior suits were dismissed as frivolous or malicious).  The burden to provide such information rests
on the pro se litigant.  See, e.g., Clark,
23 S.W.3d at 422 (refusing to hold that a trial court must sift through
numerous documents in order to find the information required by section
14.004).  Accordingly, we hold that the
trial court did not abuse its discretion when it dismissed Johnson's suit.  Id. 
Johnson’s first and second issues are overruled.

 

Notice of Dismissal Order

  In
his third issue, Johnson argues that the trial court violated his
constitutional right of due process in not timely forwarding to Johnson notice
of its dismissal of his lawsuit.  The
clerk of the trial court has the duty to give the parties or their attorneys
immediate notice by first class mail when the court signs a judgment or an
appealable order.  See Tex. R. Civ. P. 306a(3); Hubert
v. Ill. State Assistance Comm’n, 867 S.W.2d 160, 163 (Tex. App.–Houston
[14th Dist.] 1993, no writ).  The clerk
must give the parties notice of both the fact that the judgment was signed and
the date the judgment was signed.  Winkins
v. Frank Winther Invs., Inc., 881 S.W.2d 557, 558 (Tex. App.–Houston
[1st Dist.] 1994, no writ).  Because the
failure to give the required notice deprives the party of its right to be heard
by the court, such an omission constitutes a violation of the party’s right to
due process and is not merely a violation of procedural rules of practice.  See Hubert, 867 S.W.2d at 163.

  In
the case at hand, the order of dismissal was signed on May 9, 2006 and filed on
May 11, 2006.  The record indicates that
a copy of the judgment was sent to Johnson via certified mail dated May 8,
2006.  The record further reflects that
the trial court’s certified mailing was delivered on May 31, 2006.  We conclude that the trial court clerk
satisfied the requirement that notice of judgment be immediately forwarded to
the parties.  Therefore, we hold that
Johnson’s due process rights were not violated. 
Johnson’s third issue is overruled.

 

Disposition

  Having
overruled Johnson’s first, second, and third issues, we affirm the
trial court’s order dismissing Johnson’s suit.

                                                                                         JAMES T. WORTHEN    

                                                                                                     Chief Justice

Opinion delivered March 7, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)











[1] See Tex.
Civ. Prac. & Rem. Code Ann. § 134.005(a)(1), (b) (Vernon 2005).





[2]
We construe Johnson’s first and second issues liberally in the interest of
justice.  





[3] Chapter 14 does not apply to suits brought
under the Family Code.  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(b)
(Vernon 2002).





[4]
That Johnson attached his petition from this previously filed suit as an
exhibit does not fulfill the requirements of Section 14.004(a)(2).  See Clark v. J.W. Estelle Unit,
23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied).