**Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed October 9, 2018.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-17-00600-CV
### NO. 14-17-00709-CV

---

### KURT GODFREY CLARKE, Appellant

### v.

### HARRIS COUNTY, THE HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, and HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-30394**

---

## M E M O R A N D U M   O P I N I O N

In May 2009, appellees Harris County, the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood

Control District, the Harris County Hospital District, City of Houston, Houston Independent School District, and Houston Community College System (together, the Taxing Authorities) sought to recover delinquent ad valorem taxes from appellant Kurt Godfrey Clarke. The trial court signed a final judgment in favor of the Taxing Authorities in November 2011. The trial court issued a post-judgment turnover order and appointed a receiver in August 2013. The parties subsequently entered into a rule 11 settlement and release agreement, filed with the trial court. The trial court issued an order supplementing the turnover and receiver order in April 2017. The trial court issued an order compelling Clarke to answer discovery, deeming facts admitted, and ordering his appearance in July 2017. Clarke filed two appeals, which were consolidated.

We dismiss Clarke's issues seeking to challenge the trial court's November 18, 2011 final judgment and the April 18, 2017 supplemental order. We also dismiss Clarke's issues seeking to challenge the trial court's July 28, 2017 order, except as they relate to monetary sanctions. We affirm the monetary sanctions portion of the July 28, 2017 order.

## I. BACKGROUND

The Taxing Authorities filed suit against Clarke in May 2009 to recover delinquent taxes he owed on his personal property. Clarke answered. The Taxing Authorities filed a motion for summary judgment and attached: (1) certified delinquent tax statement details for the account at issue for the years 1999 through 2010, with a total amount due of $37,828.33; and (2) a recovery of costs and expenses affidavit by counsel for the Taxing Authorities. On November 18, 2011, the trial court signed a final judgment ordering that the Taxing Authorities recover the full amount requested from Clarke, along with one-percent monthly interest beginning December 2011.

2

In March 2013, the Taxing Authorities filed an application for post-judgment turnover and appointment of a receiver pursuant to section 31.002 of the Texas Civil Practice and Remedies Code. On August 26, 2013, the trial court signed a turnover order appointing a receiver, which ordered Clarke to turn over to the receiver various documents, as well as "all checks, cash securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in [his] name" until the judgment was fully paid.

Clarke, his counsel, the receiver, and counsel for the Taxing Authorities entered into a rule 11 settlement and release agreement whereby Clarke agreed to pay the 2011 final judgment in full in exchange for a release of judgment. The rule 11 agreement was filed in the trial court in February 2015.

In February 2017, the receiver filed an application to supplement the post-judgment turnover order and appointment of a receiver and master.[1] The trial court found that the application was justified and on April 18, 2017, signed a supplemental order requiring turnover and appointing a receiver and master (with attached list of items to be turned over). In June 2017, the receiver filed a second motion to compel and to deem facts admitted.[2]

On July 21, 2017, Clarke filed a notice of appeal seeking to challenge the "post-answer summary judgment."

On July 26, 2017, Clarke filed a motion to set aside the hearing scheduled for July 28, 2017, and to abate any activity by the receiver while the appeal was pending.

---

[1] The record contains an additional application to supplement filed by the receiver in September 2013. The record does not reflect that the trial court ruled on this application.

[2] The record does not contain a first motion to compel and deem facts admitted. However, the record does contain an order issued after a May 16, 2014 status conference, signed by Clarke, where the trial court ordered him to comply with the turnover order and respond to the receiver's discovery.

3

On July 28, 2017, the trial court held its hearing. During the hearing, the trial court denied Clarke's request to abate the proceedings and granted the receiver's motion to compel and deem.[3] That same day, the trial court signed an order compelling Clarke to answer discovery, deeming facts admitted, and ordering his appearance.

On August 26, 2017, Clarke filed another notice of appeal seeking to challenge the "oppressive" order signed on July 28, 2017.

This court granted the Taxing Authorities' motion to consolidate the two appeals.[4]

## II.   ANALYSIS

Clarke attempts to bring five issues.[5] Clarke contends that: (1) the Taxing Authorities may not pursue collection on a void judgment; (2) the Taxing Authorities may not enforce or collect on an interlocutory judgment; (3) the Taxing Authorities' failure to notify Clarke of the summary-judgment hearing date constituted a material misrepresentation and violated due process; (4) the trial court abused its discretion in making findings and deeming requests for admission without supporting evidence; and (5) the Taxing Authorities may not properly collect taxes on behalf of parties who did not intervene prior to judgment.

In their brief, the Taxing Authorities request that this court dismiss Clarke's

---

[3] During the hearing, when counsel for the Taxing Authorities noted that Clarke "did file a bill of review and it was dismissed," the trial court responded, "Right." The record indicates that Clarke filed the bill in the same district court sometime in 2013. Clarke does not challenge any ruling related to the bill in these appeals.

[4] In addition, this court denied Clerk's request for stay of proceedings and for consideration of newly discovered evidence.

[5] Clarke briefs a total of seven issues, four in appeal No. 14-17-00600-CV and three in appeal No. 14-17-00709-CV. The first two issues appear in both briefs. Issue three appears in No. 14-17-00600-CV. For clarity of this opinion, we renumber issue three from his brief filed in No. 14-17-00709-CV and issue four from his brief filed in No. 14-17-00600-CV as issues four and five, respectively.

appeals due to a lack of jurisdiction. We largely agree with the Taxing Authorities.

## A. No jurisdiction over the November 2011 final judgment

In his first issue, Clarke argues that the trial court erred in granting summary judgment because he was not notified of the hearing date. In his related third issue, Clarke argues that the Taxing Authorities' failure to notify him of the summary-judgment hearing constituted a material misrepresentation and denied him due process. Essentially, Clarke contends that the November 2011 final judgment is void based on lack of due process.

Clarke attacks this judgment more than six years and eight months after it issued. Only a void judgment can be collaterally attacked at any time. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). Collateral attacks on final judgments are "generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). "When attacked collaterally, a judgment is presumed valid." *PNS Stores*, 379 S.W.3d at 273 (citing *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994)). "The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process." *Id.* at 273. "In sum, a judgment is void if the defects in service are so substantial that the defendant was not afforded due process." *Id.* at 275 (concluding that where trial court had jurisdiction over subject matter of plaintiff's claims, and technical defects in service rendered default judgment voidable, not void, defendant was not permitted to collaterally attack judgment).

Here, citation was served on Clarke, and Clarke answered the Taxing Authorities' suit. Both the motion for summary judgment and the notice of hearing

included a certificate of service certifying that a copy was sent to counsel for Clarke in accordance with the Texas Rules of Civil Procedure. The hearing was set for more than 21 days after the motion. Clarke does not dispute that he was represented by the attorney identified in the certificate of service at the pertinent time.[6] Without citation, Clarke asserts his counsel "testified that his address was Sugar Land and not Houston and that he did not receive the notice Appellee claims to have sent." No testimony by Clarke's counsel appears in the record. Clarke also asserts without citation that counsel for the Taxing Authorities "was instructed to send all notices to" a certain address in Houston. The appellate record does not support this contention. Nor does the record reveal any material misrepresentation by the Taxing Authorities.[7]

Clarke points to *Hubert v. Illinois State Assistance Commission*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ), in support of his position. *Hubert* is distinguishable because it concerned (lack of) notice of the dismissal of a suit for want of prosecution. *See id.* at 163. Moreover, unlike here, the lack of any notice in *Hubert* was apparent on the face of the record. *See id.*

Under these circumstances, we cannot conclude that the record "affirmatively demonstrates" a jurisdictional or due process defect sufficient to overcome the presumption of validity of the November 18, 2011 final judgment. Therefore, Clarke

---

[6] As recently as the month before the Taxing Authorities filed their motion for summary judgment, this attorney filed a second amended answer and an emergency motion for continuance on Clarke's behalf.

[7] "[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam) (citing *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006)); *see* Tex. R. App. P. 38.1(g), (i) (requiring the statement of facts and argument be supported by citations to the record). Also, as here, where an appellant appends documents not contained in the record to his briefing, we do not consider them. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

may not bring this collateral attack, and we lack jurisdiction over his first and third issues.

In his second issue, Clarke argues that the trial court erred in granting summary judgment because he had a defense that remained pending and was not adjudicated, and the judgment was interlocutory.[8] Because we conclude that Clarke may not collaterally attack the November 18, 2011 final judgment, we also do not have jurisdiction to consider Clarke's second issue.

## B. April 2017 and July 2017 post-judgment orders

In his fourth issue, Clarke argues that the trial court "erred and abused its discretion in making findings and deeming Request[s] for Admission without supporting evidence on April 18, 2017 and July 28, 2017." We construe this issue as an attack on the trial court's orders issued on these dates.

*April 18, 2017 supplemental order.* "A turnover order is a final order even if it appoints a receiver." *Abira Med. Labs., LLC v. St. Jude Med. SC, Inc.*, No. 14-17-00849-CV, 2018 WL 3911084, at *1 (Tex. App.—Houston [14th Dist.] Aug. 16, 2018, no pet. h.) (mem. op.) (citing *Wilkins v. State Farm Mut. Auto. Ins. Co.*, 58 S.W.3d 176, 179–80 (Tex. App.—Houston [14th Dist.] 2001, no pet.)). "A turnover order is final and appealable although it does not finally dispose of all parties and issues because a turnover order acts as a mandatory injunction." *Id.*; *see Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 582 (Tex. 2018) (per curiam).

---

[8]The November 2011 final judgment stated: "This judgment finally disposes of all parties and all claims and is appealable." *See Lewin v. Mission Bend No. 5 Homeowners Ass'n, Inc.*, No. 14-16-00026-CV, 2017 WL 2959653, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2017, no pet.) (mem. op.) ("Under *Lehmann* [*v. Har–Con Corp.*, 39 S.W.3d 191 (Tex. 2001)], this language makes clear that the judgment is final . . . .").

On August 26, 2013, the trial court issued an order appointing a receiver and ordering turnover of Clarke's assets until the judgment in this cause was fully paid. The August 2013 order is a turnover order in the nature of a mandatory injunction. *See Abira Med. Labs.*, 2018 WL 3911084, at *2. Clarke did not appeal from this order.

On April 18, 2017, the trial court issued an order supplementing the order requiring turnover and appointing receiver and master. Within this order, the trial court stated its findings that the Taxing Authorities "own[] an unsatisfied judgment against" Clarke and that Clarke reached a payout agreement with the receiver which he breached. The supplemental order ordered Clarke to turn over all non-exempt funds to satisfy the judgment. The April 2017 supplemental order likewise is a turnover order that acts as a mandatory injunction. *See id.*; *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 387 (Tex. App.—Austin 2010, pet. denied) ("[T]he court may render a number of amended turnover orders, all of which could be final, appealable judgments if they satisfy *Schultz* [*v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004)]'s test by acting as mandatory injunctions.").

Clarke filed his initial notice of appeal on July 21, 2017, and his second notice of appeal on August 26, 2017. Even if Clarke's notices of appeal encompassed the April 2017 supplemental order,[9] Clarke had thirty days (until May 18, 2017) to file a notice of appeal from this final and appealable order. *See* Tex. Rs. App. P. 25.1, 26.1; *Alexander Dubose*, 540 S.W.3d at 581–82 & 582 n.27 ("[A] judgment's finality determines whether an appellant invoked a court's appellate jurisdiction by timely filing a notice of appeal."). Neither notice was timely because more than

---

[9] Neither of Clarke's notices of appeal mentioned the April 2017 supplemental order.

thirty days had elapsed. Therefore, this court lacks jurisdiction to review the April 18, 2017 supplemental order.

*July 28, 2017 order.* Clarke contends that the trial court erred in its July 2017 order compelling him to answer discovery, deeming facts admitted, and ordering his appearance because the court "ma[de] findings without supporting evidence" and "made certain findings by taking judicial notice."[10]

The July 2017 order compels Clarke to appear and deliver to the receiver and counsel for the Taxing Authorities the items set out in the turnover over and as requested in requests for production and answers to interrogatories. Within its order, the trial court also granted the Taxing Authorities' motion to deem facts admitted and struck Clarke's admissions.[11] "Post-judgment orders regarding discovery disputes are not final, appealable orders over which this Court has jurisdiction." *Bahar*, 330 S.W.3d at 388; *see Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.— Houston [14th Dist.] 2016, no pet.) (remedy to challenge interlocutory post-judgment discovery orders ordinarily would be petition for writ of mandamus). Therefore, we lack jurisdiction to review any of the portions of the July 2017 order regarding the parties' discovery disputes.[12]

In addition, in his motion to compel, the receiver argued that Clarke continued to ignore both turnover orders by refusing to turn over required documents. The receiver also argued that Clarke's discovery responses were either false or were

---

[10] To the extent Clarke reurges his argument related to lack of due process in conjunction with the notice of the summary-judgment hearing, we already have determined that we lack jurisdiction to consider the November 2011 final judgment.

[11] The July 2017 order states that "the admissions are stricken, as set out in a separate order," but the record does not contain any separate order striking admissions.

[12] Clarke has not filed a petition for writ of mandamus and does not request that this court treat his appeals as a petition for writ of mandamus.

given in bad faith. The receiver requested that the trial court award the receiver reasonable fees for prosecuting his motion. Texas Rule of Civil Procedure 215.2 allows a trial court to enter just sanctions against a party for failure to comply with a discovery order or request, including by awarding reasonable expenses such as attorney's fees caused by the party's failure. *See* Tex. Rs. Civ. P. 215.2(b)(8), 621a (courts are to supervise post-judgment discovery in same manner as pretrial discovery).

The trial court already twice had ordered Clarke to comply with the turnover order and respond to the receiver's discovery.[13] Within the July 2017 order, the trial court took judicial notice of the reasonable and necessary time required to prepare and prosecute the second motion to compel and awarded $1,500 to reimburse the receiver and $500 in attorney's fees to the Taxing Authorities for assisting the receiver. We have jurisdiction to review an order of monetary sanctions issued as part of a post-judgment discovery order. *See Sintim*, 489 S.W.3d at 557 (citing *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982), and *Bahar*, 330 S.W.3d at 388). We review the award for an abuse of discretion. *See id.* at 558.

On appeal, Clarke essentially argues that the fees awarded to the receiver and the Taxing Authorities were not supported by sufficient evidence. Clarke, however, failed to raise any objection to the sanctions award on this basis or otherwise to the trial court. *See* Tex. R. App. P. 33.1(a)(1); *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 817–18 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (sanctioned party waived complaint where failed to object to trial court that party awarded attorney's fees failed to sufficiently establish such fees); *Kiefer v.*

---

[13] *See supra* note 2. In the April 2017 supplemental order, the trial court issued its finding that Clarke "ha[d] not supplemented his responses to discovery and the turnover order" and ordered him to turn over "all documents and records" requested by the receiver.

10

*Continental Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (party that fails to complain of sanctions imposed and fails to ask trial court to reconsider its actions waives complaint); *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ) (appellant waives objections to sanctions raised for first time on appeal).  Therefore, Clarke failed to preserve any alleged error.  We overrule Clarke's challenge to the trial court's sanctions award.

## C. Status of the Taxing Authorities as plaintiffs

Finally, in his fifth issue,[14] Clarke argues that because "all of the taxing authorities did not participate in the litigation" by intervening "prior to judgment," Harris County may not properly collect taxes on their behalf.  However, all the Taxing Authorities were named as plaintiffs in the original petition:

> **PLAINTIFF(S)**
>
> This suit is brought for the recovery of delinquent ad valorem taxes under TEX. TAX CODE § 33.41 by the following named Plaintiff(s), whether one or more, each of which is a taxing unit and is legally constituted and authorized to impose and collect taxes on property:
>
> **HARRIS COUNTY, on behalf of itself and the following county-wide taxing authorities, the HARRIS COUNTY DEPARTMENT OF EDUCATION, the PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, the HARRIS COUNTY FLOOD CONTROL DISTRICT, the HARRIS COUNTY HOSPITAL DISTRICT (hereinafter Harris County), CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT and HOUSTON COMMUNITY COLLEGE SYSTEM.**

All the Taxing Authorities also were listed as plaintiffs within the November 2011 final judgment.  Accordingly, we overrule this issue.

---

[14] We consider this issue only to the extent it relates to the appealable portion of the July 2017 order.

### III. CONCLUSION

We dismiss Clarke's issues seeking to appeal from the trial court's November 18, 2011 final judgment and the April 18, 2017 supplemental order requiring turnover and appointing receiver and master (with attached list of items to be turned over). We also dismiss Clarke's issues seeking to appeal from the trial court's July 28, 2017 order compelling him to answer discovery, deeming facts admitted, and ordering his appearance—except to the extent the issues challenge the portion of this order concerning monetary sanctions. Having overruled such issues, we affirm the trial court's award of monetary sanctions.

/s/    Marc W. Brown
       Justice

Panel consists of Justices Busby, Brown, and Jewell.