**Earlie KUYKENDALL, Appellant,**

v.

**Robert C. SPICER, Appellee.**

**No. 04–81–00475–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 29, 1982.

Robert E. Phelps, Houston, for appellant.

Robert H. Spicer, San Antonio, for appellee.

Before CADENA, C.J., and CLARK and CANTU, JJ.

OPINION

CANTU, Justice.

This is an appeal from a final judgment of dismissal for want of prosecution under Tex.R.Civ.P. 165a. Appellant, in six points of error, complains of the trial court's abuse of discretion in granting the dismissal for various reasons. We agree and reverse with instructions.

Although the record does not contain a statement of facts, a bill of exceptions prepared in open court or in chambers in the presence of the trial judge is included. Appellee has not challenged the statements in appellant's brief as to the facts or the record, and has not filed a brief in this court. We, therefore, accept the facts set out in appellant's brief as permitted by Tex.R. Civ.P. 419.[1]

On the morning of November 19, 1974, in the City of San Antonio, the appellant's automobile was struck by an automobile driven by the appellee when the appellee negligently entered the intersection of South Main and East Nueva Streets against a red light.[2] As a result of the collision

---

1. The facts as recited in appellant's brief are identical to those reflected in the bill of exceptions which appellee did not contest.

2. The appellee was deemed to have admitted that his negligence was the proximate cause of

appellant sustained serious injuries. The medical condition of the appellant, a sixty year old widow, which has been in a state of uncertainty since the accident caused serious doubt as to whether she would be able to participate in the trial of her lawsuit. The uncontested facts as set out in the brief and bill of exceptions show that the medical condition of the appellant is the reason for the long delay in bringing this case to trial.

The original petition in this case was filed on November 25, 1975. Appellee, a Bexar County attorney, filed a pro se general denial on December 23, 1975. The general denial did not contain a certificate of service as required by Tex.R.Civ.P. 72. The appellant's attorney did not receive a copy of the answer until he requested it from the district clerk in 1977.

Appellant served appellee with a request for admissions on June 9, 1977. This request was never complied with and the requests were deemed admitted at a hearing held for that purpose after appellee failed to appear on September 8, 1978.

No action was taken by either party until May 1, 1981, when appellant and appellee were notified that the case had been set for trial on June 8, 1981. Both parties were urged to be present for announcements or suffer a dismissal for want of prosecution. The uncontested facts show that on May 22, 1981, appellant filed a motion and obtained an order from the presiding judge setting the case for trial on the non-jury docket on July 20, 1981. The clerk of the court informed the attorney for appellant that it was unnecessary to appear at the June 8 docket call inasmuch as the case was set for trial on July 20. Notice of the trial setting was mailed and received by appellee.

On July 20, 1981, appellant appeared at the 9 a.m. docket call and announced ready to try the case on its merits. Appellee appeared, announced not ready, and informed the court that he had some motions to present.[3] After the docket was called and before the court heard arguments on any motions, appellee retired with the judge to her chambers. When the judge returned to the bench she called both attorneys before her and informed them that she was granting appellee's motion to dismiss the lawsuit for want of prosecution under Rule 165a.[4]

The record reflects that appellee filed both a motion for continuance and a motion to dismiss at 8 a.m. on the morning of the hearing. Neither motion had been served on the attorney for the appellant in the manner prescribed by Tex.R.Civ.P. 21, nor do they contain certificates of service evidencing any effort to comply with the provisions of Tex.R.Civ.P. 72. Attorney for the appellant was given no notice whatsoever of the motion to dismiss or the motion for continuance. Nor was he given the opportunity to review the motion or present evidence in opposition to the dismissal. The hearing on the motion to dismiss lasted less than one minute.

The appellant perfected a bill of exception, filed a motion to reinstate, and a motion for new trial. Both motions were overruled. We take this opportunity to note that although the record affirmatively reflects that the case had been set on the non-jury docket for trial on July 20, 1981, both the order of dismissal and the order denying reinstatement recite that the case had not been set for trial.

Tex.R.Civ.P. 21 specifically provides that,

appellant's injuries when he failed to respond to appellant's request for admissions and failed to appear at the hearing to deem those matters contained in the request admitted.

3. Up to this point appellee had not appeared for any hearing, responded to any pleadings, nor participated in any manner required by the rules although properly notified of settings. Neither did appellee ever serve notice upon appellant's attorney of any pleadings filed by him, rather he left it to the appellant to discover by accident or otherwise the course he was pursuing in his own defense of the lawsuit.

Thus, appellee sought to surprise the appellant at the docket call on July 20, 1981, by urging motions not previously served upon appellant as required.

4. Tex.R.Civ.P. 165a provides: "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other action specified by the court, ...."

An application to the court for an order ... shall be served upon the adverse party not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court.

Tex.R.Civ.P. 21a requires that any motion submitted to the court be delivered upon the opposing counsel either in person or by certified mail. Neither Rule 21 nor 21a were complied with in this case.

The authorities make it clear that an order resulting in a final dismissal of a plaintiff's cause of action when plaintiff has not been given notice involves more than a mere violation of the rules of practice and procedure. This is "... because it involves the right of a plaintiff (whether State or individual) who has alleged and filed a cause of action not to be deprived of an opportunity to try his case." *State v. Perkins,* 143 Tex. 386, 185 S.W.2d 975, 977 (1945). In *Rotello v. State,* 492 S.W.2d 347 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) per curiam, 497 S.W.2d 290 (Tex.1973), the court cites numerous authorities mandating the conclusion that a dismissal for want of prosecution cannot withstand direct attack if the plaintiff has not received proper notice. The court therein stated;

> There was nothing in the record on the date this appeal was perfected reflecting that appellants were afforded an opportunity to explain the delay in bringing the case to trial prior to its dismissal from the docket. Due process requires that adequate notice of such a hearing be given appellants before the judgment dismissing their suit was rendered.

As in *Rotello v. State, supra,* there is nothing in this record to indicate that appellant received any notice of the court's intention to dismiss the case until the court informed appellant of the ruling on the motion. Undoubtedly the trial judge did not know that such extreme action would be sought until the very motion was urged since no prior setting on appellee's motion to dismiss had been obtained. As a consequence appellant was not given an opportunity to respond to the motion. Such a dismissal constitutes an abuse of the trial court's discretion. *See Davis v. Laredo Diesel, Inc.,* 611 S.W.2d 943, 947 (Tex.Civ.App. —Waco 1982, writ ref'd n.r.e.).

The judgment of dismissal is therefore reversed and remanded with instruction to reinstate the case on the court's docket.