STANDARD SAVINGS ASSOCIATION, Appellant,

v.

Earl CROMWELL, Appellee.

No. B14–85–827–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 5, 1986.

Abraham Levit, Bellaire, for appellant.

Isaac E. Henderson, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

On October 6, 1982, appellant agreed to loan appellee $15,000 at 18% interest. Appellee executed a note for $16,350 which was to be paid in one installment on or before April 6, 1983. At the time of the making of the loan, appellee gave appellant a personal check for $15,000. He claims he told appellant to hold the check, and in the event he did not need the money, he would call and have appellant deposit that check as payment of the loan. Subsequently, appellee asked appellant to negotiate the check, but it was dishonored at least one time. It was finally honored on October 21, 1982.

Appellant states that it applied appellee's check on a debt owed by American Frank, an acquaintance of appellee, as appellee requested. Hence, appellee's note remained unpaid, and appellant sued for the $15,000 balance. After a non-jury trial, a take-nothing judgment was entered against appellant.

Appellant brings four points of error. In its first, it argues that the trial court erred by granting appellee's Motion to Withdraw an Admission of Fact only minutes before trial and without its receiving any prior notice of the motion.

In pre-trial discovery, appellant served appellee with requests for admissions. Appellee's response stated in part: "Defendant has made no payments to Plaintiff on the promissory note made the basis of this suit." The sworn admission was filed by appellee more than five months before trial.

Pursuant to Rule 169 of the Texas Rules of Civil Procedure, the court permitted withdrawal of the admission.

Appellant cites Tex.R.Civ.P. 21 which states:

> An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon the adverse party not less than three days before the time specified for the hearing, unless otherwise provided by these rules or *shortened by the court.* (emphasis added)

Appellant argues that since it was not given three days notice, the court erred in granting the motion.

■ The court has discretion to shorten the time provided for notice. Appellant's reliance on *Kuykendall v. Spicer*, 643 S.W.2d 776 (Tex.App.—San Antonio 1982, no writ) is ill-founded. *Kuykendall* held merely that a dismissal of a case without the plaintiffs' receiving notice of the motion for dismissal is an abuse of the trial court's discretion. The plaintiff there should not have been deprived of an opportunity to try his case without notice. Here, appellant had a full opportunity to present his case.

■ Appellee set out his defense in his original answer. Appellant had the $15,000 check from appellee in his possession. It was reasonable for the trial court to find that appellant was not prejudiced. The trial court did not abuse its discretion. The first point of error is overruled.

In his second point of error, appellant argues that the trial court erred by failing to grant appellant's motion for a continuance.

■ This also rests within the discretion of the trial judge. Absent a strong and specific showing of what additional preparation for trial might have been made, no abuse of discretion is shown. *Determan v. City of Irving, Texas,* 609 S.W.2d 565 (Tex. Civ.App.—Dallas 1980, no writ).

■ Appellant was not specific as to how it was prejudiced. It attempted to prove its case through various witnesses and many documents. Prejudice is not evident. The second point of error is overruled.

In its third and fourth points of error, appellant contends that the trial court's judgment was against the great weight and preponderance of the evidence.

■ Because appellant did not request findings of fact or conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any legal theory which finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex. 1977); *Royal Zenith Corporation v. Martinez,* 695 S.W.2d 327 (Tex.App.—Waco 1985, no writ).

■ The evidence shows that appellee received a $15,000 loan from appellant. Appellee gave appellant a $15,000 check, and appellant negotiated that check. The only disputed fact was whether the proceeds of the check were to be applied to appellee's or American Frank's debt. We must presume that the trial judge found that the $15,000 was intended for and should have been credited to appellee's debt. *See Lassiter, supra.* The affirmative defense of payment is supported by the evidence, and the trial court's verdict and judgment should be upheld. The third and fourth points of error are overruled.

The judgment of the trial court is affirmed.