TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00252-CV







Ellis H. Gilleland, Appellant



v.



Cathleen Parsley and State Office of Administrative Hearings, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 92-14800, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM


 Appellant Ellis H. Gilleland appeals from a summary judgment rendered in favor
of hearings examiner Cathleen Parsley and her employer, the State Office of Administrative
Hearings (SOAH). On October 19, 1992, Gilleland attended a contested case hearing that Parsley
conducted on behalf of the Texas State Board of Veterinary Medical Examiners. Parsley, an
administrative law judge, presided over a disciplinary hearing involving charges that Dr. James
Syler misused prescription medications. Gilleland was a stranger to the proceeding. Gilleland
attempted to videotape the hearing over the objection of Dr. Syler but Parsley did not allow him
to do so. (1)

 Gilleland filed suit, seeking a temporary injunction to prevent hearings examiners
at SOAH from refusing to allow him to videotape contested case hearings, to stop the hearing until
another hearing could be held at which he could videotape the proceedings, to set aside any
proposal for decision prepared from that hearing, and to ensure that he could videotape and
audiotape any future proceedings. The trial court denied the request for a temporary injunction
and granted SOAH and Parsley's joint motion for summary judgment. (2) Gilleland raises seven
points of error, all of which claim that the trial court abused its discretion in the pretrial process. 
We will affirm the trial court's judgment.



PROCEDURAL HISTORY


 Gilleland filed his petition on October 20, 1992. SOAH filed a motion for
summary judgment on November 20, 1992, to which Gilleland responded on December 7, 1992. 
The trial court considered the motion and answer and, in a letter dated February 11, 1993,
announced to the parties its intention to issue the temporary injunction and deny SOAH's motion
for summary judgment. The trial court asked SOAH to draft an order. SOAH served the
proposed order on February 19, 1993. Gilleland filed a "Request for Court Order" on March 1,
1993 asking that the trial court sign the order he had drafted rather than the order SOAH had
drafted.

 When no order was signed, Gilleland filed a "Motion for Hearing on Plaintiff's
Request for Court Orders" and set a hearing on the motion for January 6, 1994. At the January
6 hearing, SOAH filed a motion asking the trial court to reconsider its earlier decision. The court
advised Gilleland that it was seriously considering granting the motion for summary judgment and
gave Gilleland two weeks to prepare a response. During that time, Gilleland filed a "Motion for
Identification of Symbols in Judgment by Judge Dietz" requesting that the trial court interpret its
docket sheet and set a hearing on the motion for January 19th. At the January 19 hearing, the
court deciphered the notations on the docket sheet, asked Gilleland for any response, and then
signed orders granting the summary judgment and denying the temporary injunction.



STANDARD OF REVIEW


 A trial court abuses its discretion only when it acts in an unreasonable and arbitrary
manner, or when it acts without reference to any guiding principles. Beaumont Bank, N.A. v.
Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). This Court may not reverse for
abuse of discretion merely because we disagree with a decision of the trial court. Buller, 806
S.W.2d at 226; Downer, 701 S.W.2d at 242. Further, before we reverse, the appellant must
show not only that error and an abuse of discretion were committed, but also that the ruling and
action was reasonably calculated to cause and probably did cause rendition of an improper
judgment in the case. St. Elizabeth Hosp. v. Graham, 883 S.W.2d 433, 439 (Tex.
App.--Beaumont 1994, writ requested).



DISCUSSION


I.  "Illegality" of Motion for Summary Judgment

 In his first point of error, Gilleland complains that the trial court "erred and abused
its discretion in approving Appellee's illegal Motion for Summary Judgment on 19 January 1994,
in that said motion is illegal as a matter of law." Gilleland claims that the motion itself was
"illegal" because appended to it were two uncertified and unsworn exhibits. The exhibits were
copies of sanction orders in unrelated cases, submitted by SOAH to show a pattern of frivolous
lawsuits filed by Gilleland. Under Texas Rule of Civil Procedure 166a, proper summary
judgment evidence may include "authenticated or certified public records." The submission of
unauthenticated or uncertified public records does not render the motion "illegal" but does make
the evidence susceptible to challenge by the nonmovant on that ground. Diaz v. Southwest Wheel,
Inc., 736 S.W.2d 770, 774 (Tex. App.--Corpus Christi 1987, writ denied) (unsworn and unverified
document not summary judgment evidence). Since Gilleland challenged the submission of the
documents, the evidence should not have been considered in the granting of the summary
judgment.

 However, no error is apparent because the trial court could have rendered summary
judgment in the absence of any supporting documents. See Tex. R. Civ. P. 166a(a) (defendant
may move for summary judgment with or without supporting affidavits). The issue of whether
the Open Meetings Act applies to contested case hearings conducted by SOAH is a matter of law. 
The defect in the attachments is irrelevant because the trial court could resolve the question of law
without reference to the attachments. Brown v. Owens, 663 S.W.2d 30, 34 (Tex. App.--Houston
[14th Dist.] 1983), aff'd in part and rev'd in part on other grounds, 674 S.W.2d 748 (Tex. 1984)
(court could resolve question of law without referring to defective affidavits). We overrule point
of error one. (3)



II.  Propriety of Order Denying Temporary Injunction

 In his second point of error, Gilleland complains that the trial court abused its
discretion by signing an order denying his petition for temporary injunction. The basis for his
complaint is that the trial court signed two separate documents at the January 19 hearing, an
"Order Denying Plaintiff's Petition for Temporary Injunction" and an "Order Granting
Defendant's Motion for Summary Judgment." The former denied the request for a temporary
injunction and the latter granted a take-nothing summary judgment against Gilleland. Both orders
provided that "The Court denies all relief not expressly granted in this judgment."

 To the extent that there was any error in signing the two separate documents, the
error is irrelevant because the documents are consistent: under the terms of either, Gilleland takes
nothing. See generally Tex. R. Civ. P. 81 (error not reversible unless it amounted to such a
denial of rights of the appellate as was reasonably calculated to cause and probably did cause
rendition of improper judgment); Stroman v. Fidelity & Cas. of New York, 792 S.W.2d 257 (Tex.
App.--Austin 1990, writ denied) (final judgment controls if interlocutory judgment is inconsistent). 
We overrule point of error two.



III.  The "Proceedings and Rulings" Card

 In his third point of error, Gilleland complains that the trial court "erred and abused
its discretion" in requiring him to "reply to an illegibly written decision on a 'Proceedings and
Rulings' card that resulted from a non-recorded hearing that was set only to sign orders." 
Gilleland's complaints arose from the January 6, 1994 hearing which Gilleland had set to hear his
"Motion for Request for Court Orders." SOAH submitted its motion for reconsideration at the
hearing. The trial court informed Gilleland that it was considering changing its earlier decision, (4)
then noted the substance of the hearing on its docket sheet. Gilleland complains that the notations
were illegible and that he was therefore unable to "respond" to them.

 Gilleland misunderstands the nature of his burden after the January 6 hearing. The
docket entry is simply a memorandum for the convenience of the trial court and clerk. Roever
v. Roever, 824 S.W.2d 674, 676 (Tex. App.--Dallas 1992, no writ). What Gilleland was required
to respond to was the motion for summary judgment. Gilleland may have wished to focus on the
particular concerns that the court noted on its docket sheet, but his burden as a nonmovant was
to respond to the motion for summary judgment on the grounds stated.

 Gilleland claims that the illegible docket sheet entry denied him due process rights
of the 14th amendment to the U.S. Constitution and the Texas Constitution, Art. I, § 19. He cites
no cases holding that an illegible docket sheet amounts to a denial of due process, nor do we find
any. We hold that neither the U.S. nor the Texas Constitution gives Gilleland the right to a
translation of the trial court's docket sheet before a ruling is made. We overrule point of error
three.



IV.  Notice of the Motion for Reconsideration

 In point of error four, Gilleland complains that the trial court "erred and abused
its discretion" in "receiving, considering and adjudicating" SOAH's motion for reconsideration
of the trial court's earlier written decision to issue the injunction because the motion was filed the
morning of the January 6, 1994 meeting. He offers several arguments to support his assertion of
error.

 First, he argues that the delivery of the motion the morning of the hearing violated
Texas Rule of Civil Procedure 21, which provides:



An application to the court for an order and notice of any hearing thereon, not
presented during a hearing or trial, shall be served upon all other parties not less
than three days before the time specified for the hearing unless otherwise provided
by these rules or shortened by the court.



(Emphasis added.) Rule 21 expressly provides that the court may shorten the three-day notice
period. The trial court's act will not be disturbed except on a showing of abuse of discretion. 
Petitt v. Laware, 715 S.W.2d 688, 690-91 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd
n.r.e.). Gilleland does not detail how the court may have abused its discretion, nor does the
transcript reflect abuse.

 The motion for reconsideration, rather than asking for new relief, simply asked the
trial court to reconsider its earlier decision. SOAH's motion for summary judgment had been
pending since November 13, 1992; Gilleland knew of the motion for summary judgment and the
basis therefor. 

 Also, the motion was not adjudicated at the January 6, 1994 hearing. The trial
court advised Gilleland that he was considering granting the state's motion for summary judgment
and gave him two weeks to respond. The transcript affirmatively shows that judgment was to be
rendered at a later date. See Petitt, 715 S.W.2d at 690-91 (one-day notice sufficient when hearing
did not result in dismissal of plaintiff's cause of action); Standard Savings Assoc. v. Cromwell,
714 S.W.2d 49, 50-51 (Tex. App.--Houston [14th Dist.] 1986, no writ) (no abuse of discretion to
consider motion to withdraw admission submitted minutes before trial because appellant received
trial on the merits).

 Gilleland, relying on Kuykendall v. Spicer, 643 S.W.2d 776 (Tex. App.--San
Antonio 1982, no writ), also argues that he was deprived of due process by the delivery and
consideration of the motion for reconsideration. In Kuykendall, the defendant in a negligence case
filed a motion to dismiss on the morning that a hearing on the merits was set. The defendant had
not served the plaintiff with the motion, nor was the plaintiff given the opportunity to review the
motion or present evidence opposing the dismissal. The hearing on the motion to dismiss lasted
less than one minute. The Kuykendall court held that the final disposition of a plaintiff's cause
of action when plaintiff has not been given notice violates due process.

 Kuykendall is clearly distinguishable from the instant case. Gilleland's cause of
action was not disposed of until January 19, which was thirteen days after the motion for
reconsideration was filed, and thirteen months after the motion for summary judgment was filed. 
See Petitt, 715 S.W.2d at 690-91; Standard Savings Assoc., 714 S.W.2d at 50-51. Also, the
motion for reconsideration simply asked for the relief that had been requested in the original
motion for summary judgment filed on November 13, 1992.

 Finally, in his rebuttal brief, Gilleland cites Texas Rule of Civil Procedure 63,
which provides that amendments to pleadings and responses to pleadings may be filed without
leave of court when filed at least seven days before the date of trial, and that the court may grant
leave to file within seven days if the filing will not operate as a surprise to the other party. The
motion for reconsideration is not a pleading or a response to a pleading. See Tex. R. Civ. P. 45
(a pleading is petition and answer); Elliott v. Elliott, 797 S.W.2d 388, 392 (Tex. App.--Austin
1990, no writ) (motion is not a pleading but rather an application to the court for an order
granting relief which is not embraced within the prayer of a pleading). Rule 63 does not apply
to the filing of a motion.

 Gilleland seems to focus on the issue of "surprise." He should not have been
surprised to find that, at a hearing he had set to ask the court to sign an order granting his
temporary injunction and denying SOAH's motion for summary judgment, SOAH would attempt
to persuade the court to do otherwise. Also, any surprise caused by the filing of the motion for
reconsideration was cured by the time given to respond. Having considered all of Gilleland's
arguments, we overrule point of error four.



V.  Approval of Draft Judgment

 In point of error five, Gilleland complains that the trial court "erred and abused its
discretion" by not allowing him to read the two draft orders that SOAH offered to the court at the
January 19, 1994 hearing. Gilleland claims he had a right to three days' notice of a draft order
or judgment. We disagree.

 Although a party must serve copies of draft order or judgments on other parties,
proposed orders and judgments need not be served in a particular time frame. Texas Rule of Civil
Procedure 305 provides that any party may prepare and submit a proposed order or judgment to
the court for signature, and that each party who submits a proposed judgment for signature shall
serve the proposed judgment on all other parties to the suit in accordance with Rule 21a. Rule
21a simply provides for methods of service and does not set a time limit. Rule 21, which requires
three days' notice to the opposing party of any application to the court for an order and notice of
any hearing upon, does not apply to the draft order itself. (5) The purpose of the notice of any
request for positive relief is to give the other party the opportunity to object to the grant of relief. 
Gilleland had such an opportunity.

 Additionally, appellant argues that the trial court's actions violated a local rule of
the district courts of Travis County. Local Rule 15.1 provides, "So far as practicable, every draft
of every judgment, decree, or order to be signed by a judge or master should be approved as to
form by attorneys for all parties before it is presented to the judge." (Emphasis added.) Rule
15.1 is not absolute. Here, SOAH and the trial court may have considered it impracticable to
attempt to obtain Gilleland's approval as to form of the order, since, from Gilleland's participation
in the pretrial process, they could have reasonably concluded that obtaining his approval was
unlikely. (6) We overrule point of error five.



VI.  Ruling on Motions Not Docketed

 In point of error six, Gilleland complains that the trial court erred and abused its
discretion by granting summary judgment and denying a temporary injunction at a hearing set only
for the purpose of clarifying the trial court's docket sheet. He cites rule 21 and the due process
clauses of the United States and Texas Constitution as authority.

 No rule of procedure requires that the trial court rule on a motion at a hearing set
for that purpose. A trial court may rule by order signed in the absence of the parties, in open
court, or through another appropriate method. The statement of facts from the January 19 hearing
reflects that the trial court merely used that forum to announce its ruling on the motions that it had
taken under advisement.

 The trial court controls its docket and may, at its discretion, rule on any
outstanding motions at any time unless prohibited by law. No other law, including constitutional
due process, prevented the trial court from ruling on a motion that had been outstanding for
thirteen months and of which Gilleland had prior notice. We overrule point of error six.



VII.  Abbreviated Response Time

 In point of error seven, Gilleland argues that the trial court erred and abused its
discretion by not allowing him a complete two weeks - fourteen days - to offer any additional
reasons why the summary judgment should not be granted. Gilleland also seems to claim that his
due process was violated, relying on Rogers v. Texas Commerce Bank-Regan, 755 S.W.2d 83,
84 (Tex. 1988). In Rogers, the Texas Supreme Court held that due process was violated when
a trial that had been set for 11:00 was held at 9:30 without notice to, and in the absence of, one
party.

 We find neither an abuse of discretion nor a deprivation of due process. Gilleland
filed an answer to the original motion for summary judgment, analyzing the applicability of the
Open Meetings Act to contested case hearings conducted by SOAH. He had thirteen of the
fourteen days that the trial court had offered him after the motion for reconsideration was filed. 
He was present at the hearing on January 19, and, when the trial court asked him to state any
reasons why the judgment should not be signed, simply replied that he wanted two more days. (7) 
Gilleland did not then, and does not now, produce any substantive arguments that would defeat
SOAH's summary judgment. Further, since the applicability of the Open Meetings Act to
contested case hearing conducted by SOAH is strictly a legal issue, the trial court could well have
concluded that nothing Gilleland presented him would change its analysis. Due process does not
require that Gilleland have a final day. The fourteen-day deadline was set by the trial court in its
discretion; it could be shortened by the trial court in its discretion. We overrule point of error
seven.



CONCLUSION


 Finding no abuse of discretion, we affirm the trial court's judgment in all respects.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: April 5, 1995

Do Not Publish

1.   Parsley informed Gilleland that the contested case hearing was in the nature of a
trial, open to the public, and that a transcript of the hearing would be available to him at
its conclusion.
2.   For simplicity, we will refer to both defendants Parsley and SOAH as "SOAH."
3.   Gilleland did not raise a point of error regarding the substance of the trial court's
holding and so has waived his right to complain. Fort Bend County Drainage Dist. v.
Sbrusch, 818 SW.2d 392 (Tex. 1991). However, were we to reach the substance of the
decision, we would hold that the ordinary contested case hearing conducted by SOAH is not a
"meeting" to which the Act applies since (1) the sole member of the agency does not attend
contested case hearings and (2) public business or policy over which SOAH has supervision
and control is not discussed during contested case hearings that SOAH conducts on behalf of
another agency. See Tex. Gov't Code § 551.001(4) (West 1994) (definition of "meeting");
Tex. Government Code § 2003.042 (West 1995) (powers of an administrative law judge).
4.   Per January 6, 1994 notation on docket sheet.
5.   Further, if rule 21 did apply, the three day period applies only unless "shortened by
the court." The trial court may shorten the time period within its discretion, and his
decision to do so will not be disturbed except for abuse of discretion. Petitt v. Laware, 715
S.W.2d 688, 690-91 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.) (one-day notice of
hearing on motion appropriate when notice of deposition was received only three days prior to
deposition). Of course, a litigant could not evade the three day notice rule by simply drafting
a draft order rather than drafting a motion asking the court to consider issuing such an order. 
That is not what happened here. In this case, the request for relief was the motion for
summary judgment, which had been on file for thirteen months. Additionally, the motion for
reconsideration had been on file for thirteen days by the time of the January 19 hearing.
6.   Among other acts, Gilleland filed two motions for sanctions against SOAH's
counsel, accusing her of "fraudulent misrepresentation, lying, perjury and bad-faith
filing" for minor errors in documents; he characterizes any disagreement with him on the
law or on the facts as "fraudulent misrepresentation"; and, in the supplement to his
motion to quash SOAH's motion for summary judgment, he accused SOAH's counsel of
filing "forged, fraudulent, and illegal" documents and asked the trial court to require her
to pay $1,000 to the Humane Society, to take disciplinary action against her pursuant to
the Code of Judicial Conduct, and to refer her to the district attorney for fraud and
forgery. 
7.   Both SOAH and Gilleland count the span of time from January 6 to January 19 as
twelve days.