In The

Court of Appeals

For The

First District of Texas

_______________


NO. 01-02-00215-CV 

_______________


IN THE MATTER OF S.A.A., A MINOR CHILD

 
On Appeal from the 315th District Court

Harris County, Texas

Trial Court Cause No. 2001-03050J

 


O P I N I O N


 Appellant, Katina Rochell Lynn, appeals the trial court's February 7, 2002,
order that terminated her parent-child relationship with S.A.A. This is an accelerated
appeal. See In the Interest of B.G., et al., 10-02-00019-CV, slip op. at 1, 2002 (Tex.
App.--Waco June 19, 2002, n.w.h.); see Tex. Fam. Code Ann. 263.405(a) (Vernon
Supp. 2002).

Factual Background

 Before the January 23, 2002 termination hearing commenced, appellant's
counsel requested a continuance on the ground that his client indicated to him that she
had "not been allowed to visit her child and has not been working the service plan." 
Counsel for the petitioner, Texas Department of Protective and Regulatory Services
("the Department" or "TDPRS") stated to the judge that she thought the testimony
from the caseworker would show that the Department had conferenced with appellant
to tell her what would be expected of her and had offered appellant support services (1)
over a period of 10 months. Nevertheless, the Department's counsel continued,
appellant had not completed those services. The Department's counsel stated that,
over the last six months, the case worker had several contacts with the appellant about
visitation in which the caseworker would offer to set up a meeting, giving appellant
instructions to call back, but appellant never did.

 The trial court denied appellant's motion for continuance and proceeded to hear
the Department's request for termination.

 Department caseworker Tanya Bryant testified that she had had appellant's
case for the preceding eight months, commencing with the time the trial court
awarded custody of S.A.A. to the Department. The Department took custody of
S.A.A. from her delivery at the hospital because appellant was talking to people who
were not there; had no stable housing, employment, or resources; and had a
psychiatric history combined with failure to take medication to stabilize her mental
condition. 

 TDPRS introduced the family service plan for appellant, signed by her on July
19, 2001. The trial court also admitted the status hearing order in which the trial
court had ordered appellant to comply with the requirements of the family service
plan. Bryant went over the plan with appellant, explaining that she would have to go
through the Mental Health and Retardation Association (MHMRA) to get the
psychological and counseling services and parenting classes. Additionally, the
service plan called for appellant to do perpetrator in-treatment, (2) locate and maintain
proper housing, have regular and consistent visits with the child, and access resources
such as SSI, food stamps, AFDC, and WIC. Bryant gave appellant phone numbers
for the various services. Of all the requirements of the plan, appellant only secured 
housing. 

 During the eight months since the Department had had custody of S.A.A.,
appellant had visited her only two or three times, the last time being six months prior
to the hearing. On numerous occasions since then, Bryant told appellant that for a
visit to take place, Bryant would have to contact the foster parent, and appellant
would need to call back at a specified time, but appellant never did. Bryant testified
that sometimes appellant would call and leave messages saying that she had just
forgotten about her baby and needed to see her, or that she did not know what was
going on, or that she was having trouble with her mind. During the time the
Department has had conservatorship of S.A.A., it has attempted to offer services to 
appellant.

 About a month or two after the court awarded the Department custody of
S.A.A., appellant was hospitalized, but left against doctor's orders, a situation that
shows she is not a good parent because she's not able to care for herself without
medication.

 Bryant testified appellant has seven children. Three live with relatives in
Beaumont, and two live with their biological father. Appellant's parental rights had
been terminated with respect to another child. Finally, S.A.A. is the subject of this
proceeding. Bryant testified that appellant's mental state was harmful to the child. 
Bryant opined that appellant was not capable of caring for any child.

 Bryant testified that S.A.A. is currently placed in a TDPRS foster home where
she is doing very well, and her emotional and physical needs are being met. The
Department's long-term goal is to seek termination so S.A.A. can be placed for
adoption, which Bryant testified is in S.A.A.'s best interest. 

 On cross-examination, Bryant testified that appellant had not left the child
alone or in the possession of another person who is not the parent of the child and
knows of no instance when she abandoned the child; that the child was taken from the
hospital. She knows of no instance in which appellant has allowed the child to
remain in surroundings which endanger the physical or emotional well-being of the
child. She does not know of any instances in which appellant has been convicted of
any criminal offense in the last two or three years or in jail during the time of the
case. There are no allegations against appellant of physical neglect of S.A.A.

 The Department called appellant to testify. She testified that she was arrested
in September of 2000 for possession of drug paraphernalia. She was convicted of
prostitution in July 2001, and was jailed for that offense. She remembered the
caseworker's going over the service plan with her and that she signed it. She stated
that she completed some of the services. She started taking her medications again and
found housing. She did not complete her parenting classes because the instructor
asked her to check out when she was late for a class. She testified that she gets on
and off the medications. Since 1995, she has been having serious mental problems.

 Appellant testified that she is unemployed, but she supported her children from
money she won from the "what does it take to be a millionaire" game. She did not
remember how much money she won. She gets SSI. She also supported her children
by writing songs that she and they sang. The songs were published but were stolen.

 Appellant testified that if she had more time, she would go to the parenting
classes, have the CPS worker to visit her home, visit her child, and follow the
guidelines of a new or revised family services plan.

 Based on this testimony, appellant's counsel re-urged his motion for
continuance. The court denied it.

 On her own behalf, appellant testified that she had difficulty contacting Bryant;
that when she called she got Bryant's answering machine, or if she got Bryant, Bryant
would tell her to call back, and when she did, she would get Bryant's answering
machine so that she only talked to Bryant three times.

 After the hearing, the trial court signed a judgment terminating the parent-child
relationship between appellant and S.A.A, based on the trial court's finding that by
clear and convincing evidence, under Family Code § 161.001(1)(E),(N), appellant
had engaged in conduct that endangered the physical and emotional well-being of
S.A.A. and constructively abandoned her. See Tex. Fam. Code Ann.
§161.001(1)(E),(N)(Vernon Supp. 2002). The trial court also found by clear and
convincing evidence that, under Family Code §161.001(2), termination of the parent-child relationship was in S.A.A.'s best interest. See Tex. Fam. Code Ann.
§161.001(2)(Vernon Supp. 2002).

 Pursuant to the Family Code, (3) appellant timely filed a motion for new trial and
statement of appellate points, contending that: (1) the trial court abused its discretion
by not granting her motion for continuance and (2) the evidence was legally and
factually insufficient to support the trial court's findings of the statutory elements for
involuntary termination of the parent-child relationship. 

 As part of the posttrial proceedings, appellant also filed an affidavit of inability
to pay costs of the appeal. After hearing, the trial court denied the motion for new
trial, found appellant was indigent, found her appellate points frivolous, and
appointed counsel to represent her on appeal.

 Appellant's court-appointed attorney has filed "Appellant's Request for Court
to Rule on Whether Appeal Is Frivolous," requesting the Court to make a
determination whether the trial court's finding that the appeal is frivolous was proper. 
Appellee has filed a response requesting that the Court uphold the trial court's finding
that the appellate points are frivolous.

 Section 263.405(g) of the Texas Family Code gives the appellate court
discretion to review, without briefs, the trial court's finding that the appeal is
frivolous. Tex. Fam. Code Ann. §263.405(g) (Vernon Supp. 2002). Texas Rules
of Appellate Procedure 28.3, dealing with accelerated appeals, authorizes the
appellate court to allow the case to be submitted without briefs. Based on these
authorities and appellant's counsel's request that we do so, we review, without briefs,
the trial court's finding that the appeal is frivolous.

Analysis

A. Motion for Continuance

 Appellant's first appellate point was that the trial court abused its discretion by
not granting her motion for continuance. A trial court's order denying a motion for
continuance will not be disturbed on appeal unless the record discloses a clear abuse
of discretion. State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988). To
obtain a continuance, the moving party has the burden of establishing both (1) that
the need for continuance is not due to fault or lack of diligence of the moving party
or that of party's counsel, and (2) that the failure to grant a continuance will result in
substantial harm or prejudice to the moving party in the presentation of that party's
case or defense. See, e.g., Commercial Standard Ins. Co. v. Merit Clothing Co., 377
S.W.2d 179, 181 (Tex. 1964); Standard Sav. Ass'n v. Cromwell, 714 S.W.2d 49, 51
(Tex. App.--Houston [14th Dist.] 1986, no writ). In deciding whether a trial court
abused its discretion, the appellate court does not substitute its judgment for that of
the trial court, but only decides whether the trial court's action was arbitrary and
unreasonable. Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 635 (Tex. 1986).

 Here, the trial court could have concluded that the need for the continuance 
was appellant's fault or her lack of diligence. Appellant's motion for continuance
was because, "she has not been allowed to visit her child and has not been working
the service plan." The caseworker testified that on several occasions, appellant did
not call her back after the caseworker contacted S.A.A.'s foster parent about
arranging a meeting between the caseworker and appellant. Appellant also testified
that the reason she did not complete the parenting class requirement of the family
services plan was because she was late to a class. From such evidence the trial court
could have decided that the need for the continuance was due to appellant's own fault
or her lack of diligence. We cannot say the trial court abused its discretion in denying
appellant's motion for continuance.

 Accordingly, we sustain the trial court's holding that appellant's fist appellate
point was non-meritorious.

B. Sufficiency of the Evidence

 Appellant's second appellate point was that the evidence was legally and 
factually insufficient to support the trial court's findings that appellant engaged in
conduct which endangered S.A.A.'s physical or emotional well-being, that appellant
constructively abandoned S.A.A., or that termination of the parent-child relationship
was in S.A.A.'s best interest.

 The legislature has provided that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence: 

 (1) that the parent has: . . .

 (E) engaged in conduct . . . which endangers the physical or emotional well-being of the child . . . ;


 (N) constructively abandoned the child who has been in the permanent
or temporary managing conservatorship of the [Department] or
authorized agency for not less than six months, and: 


 (i) the department or authorized agency has made reasonable efforts to
return the child to the parent;


 (ii) the parent has not regularly visited or maintained significant contacts
with the child; and


 (iii) the parent has demonstrated an inability to provide the child with a
safe environment.


 (2) that the termination is in the best interest of the child.


Tex. Fam. Code Ann. §161.001(1)(E),(N),(2) (Vernon Supp. 2002).


 (1) Standard of Review


 The standard of review for reviewing the factual sufficiency of the evidence to
support the trial court's findings in a parent-child termination case is whether the
evidence is such that a fact finder could reasonably form a firm belief or conviction
about the truth of the State's allegations. In re C.H., 45 Tex. Sup. Ct. J. 1000, 1005
(July 3, 2002); In re B.M.R, No.01-01-00211-CV, slip op. at 5, (Tex. App.--Houston
[1st Dist.] August 29, 2002, n. w. h.). Lynn also challenges the legal sufficiency of
the evidence. In reviewing a no evidence or legal insufficiency claim, we consider
the evidence in a light most favorable to the verdict. Lozano v. Lozano, 52 S.W.3d
141, 145 (Tex. 2001). If more than a scintilla of evidence exists, it is legally
sufficient. Id. To rise above a scintilla, the evidence offered to prove a vital fact
must do more than create a mere surmise or suspicion of its existence. Id.

 (2) Appellant's Endangerment Conduct

 (a) Legal Sufficiency of the Evidence

 The trial court heard testimony from caseworker Bryant that the
Department took custody of S.A.A. from her delivery at the hospital because, at the
time, appellant was talking to people who were not there; had no stable housing,
employment, or resources; and had a psychiatric history combined with failure to take
medication to stabilize her medical condition. Bryant testified that appellant was not
able to take care of herself without medication. Appellant, herself, acknowledged
that she had been having serious mental problems since 1995. We hold this evidence
amounts to more than a mere scintilla of evidence that appellant engaged in conduct 
which endangered S.A.A. from the time of her delivery until the Department took
custody of her out of the hospital.

 (b) Factual Sufficiency

 On cross-examination, Bryant testified that appellant had not left S.A.A.
alone or in the possession of another person who was not a parent of the child. She
also testified that she knew of no instance in which the appellant allowed S.A.A. to
remain in surroundings which endangered her physical or emotional well-being. She
further testified that there were no allegations against appellant that she physically
neglected S.A.A. The trial court could have discounted this testimony, reasoning that
appellant's endangerment of S.A.A. was not a case of active conduct as the passive
conduct of failure to take her medication, thus disabling her from taking care of
herself and incapacitating herself from meeting the physical and emotional needs of
a newborn child. This is especially likely when the evidence of appellant's lack of
involvement in the lives of her other six children is considered. 

 We hold the evidence is factually sufficient for the trial court to have
reasonably formed a firm belief or conviction that appellant had engaged in conduct
which endangered the physical or emotional well-being of S.A.A.

 (3) Constructive Abandonment

 (a) Legal Sufficiency

 Bryant testified that the Department had had temporary managing
conservatorship of S.A.A. for eight months. During that time it had offered services
to appellant, but appellant had visited S.A.A. only two or three times, the last time
being six months before the hearing. Regarding the inability to provide a safe
environment for the child element, Bryant testified that appellant reported problems
with her mind and had forgotten about S.A.A. On another occasion, appellant
reported she that appellant had left the hospital against doctor's orders. Bryant
testified that appellant's mental state was harmful to S.A.A and that appellant was
incapable of caring for any child. Appellant testified that she had been arrested for
possession of drug paraphernalia in December 2000. This would have been at a time
when she was pregnant with S.A.A. Appellant testified that she had been
incarcerated for prostitution in July 2001. This would have been when S.A.A. was
about four months old. In the same month, appellant had signed a family service plan
in which one of her goals was to refrain from criminal activity. She testified that she
gets on and off her medications, she has mental problems, and is unemployed. 
Appellant gave testimony that she was unable to complete the parenting classes called
for in her family services plan because the instructor asked her to check out when she
was late for class.

 We hold this evidence amounts to more than a mere scintilla of evidence that
appellant constructively abandoned S.A.A.

 (b) Factual Sufficiency of the Evidence

 On cross-examination, Bryant testified that she did not know of an
instance when appellant abandoned S.A.A. Appellant testified that she completed
some of the items in the family services plan such as getting back on her medications
and securing housing. Appellant testified that she supported her children by writing
songs that she and the children sang. She also testified that she had difficulty
contacting Bryant, frequently only reaching her answering machine.

 Regarding this evidence, the trial court could have put Bryant's testimony of
not knowing of an instance of appellant abandoning S.A.A. in context of other
testimony that appellant did not have custody of S.A.A. and only saw S.A.A. two or
three times in the course of eight months. Against appellant's testimony that she
completed some of the items of the family service plan, the trial court could have
noted appellant's failure to avoid criminal activity, complete parenting classes and
maintain her medication regime. Concerning appellant's testimony that she supported
her children by writng songs, the trial court could have disbelieved this and instead
have believed appellant's own testimony and Bryant's that appellant was
unemployed. Regarding appellant's testimony that she had difficulty contacting
Bryant about S.A.A., the trial court could have believed Bryant's testimony that 
appellant was the source of difficulty in arranging meetings between appellant and
S.A.A.

 We hold the evidence is factually sufficient for the trial court to have
reasonably formed a firm belief or conviction that appellant constructively abandoned
S.A.A.

 (4) Best Interest of the Child-Legal and Factual Sufficiency of the Evidence

 Regarding the best interest of the child, in addition to the foregoing evidence,
Bryant testified that S.A.A. is currently placed in a TDPRS foster home where she is
doing well and her emotional and physical needs are being met; that the Department's
long-term goal is termination of appellant's parent-child relationship with S.A.A. so
she can be placed for adoption, which Bryant opined was in S.A.A.'s best interest. 
There was no controverting evidence that termination of the parent-child relationship
was not S.A.A.'s best interest.

 We hold the evidence was legally and factually sufficient for the trial court to
have reasonably formed a firm belief or conviction that termination of the parent-child relationship between appellant and S.A.A. was in S.A.A.'s best interest.

 We sustain the trial court's holding that appellant's second appellate point was
non-meritorious.



 W0e affirm the trial court's February 7, 2002 termination order.



 Adele Hedges

 Justice


Panel consists of Justices Hedges, Taft, and Jennings.


Do not publish. Tex. R. App. P. 47.


1. See Tex. Fam. Code Ann. §263.101 (Vernon Supp. 2002) requiring the
Department to file a service plan within 45 days after the Department has been
appointed temporary conservator of a child.
2. Apparently, appellant had earlier been convicted of a crime.
3. See Tex. Fam. Code Ann. § 263.405(b) (Vernon Supp. 2002).