**AFFIRMED; and Opinion Filed November 14, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00847-CV

## IN THE INTEREST OF K.P.P., K.K.P., J.D.K.P.-G., AND K.D.L., CHILDREN

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-22-0717**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Smith

Mother appeals an order terminating her parental rights to her four children,

K.P.P., K.K.P., J.D.K.P.-G., and K.D.L. In a single issue, she contends the trial court

abused its discretion in denying her motion for continuance. We affirm.

## Background[1]

On June 9, 2022, Mother left the children in the care of her father

(Grandfather). Beginning June 10, Grandfather left K.P.P., then thirteen-years-old,

---

[1] This background includes facts taken from the trial court's Findings of Fact and Conclusions of Law and Final Order; Mother does not separately challenge the trial court's findings of fact in this appeal.

and K.D.L., then three-years-old, at Mother's home with no adult present. On June 12, K.P.P. left K.D.L. alone and K.D.L. fell out of a window.

On June 16, the Texas Department of Family and Protective Services (Department) filed a petition for protection of a child, conservatorship, and termination in suit affecting the parent-child relationship. The trial court entered orders placing the children in the Department's care.[2] Counsel was appointed to represent Mother and filed an answer on her behalf. Grandfather filed a petition in intervention, requesting that he be appointed sole managing conservator of the children.

On May 1, 2023, the trial court commenced the final hearing on the Department's petition. After four witnesses testified, the trial court recessed the hearing, which was ultimately set to resume on July 20.

On June 16, 2023, Mother's counsel filed a motion to withdraw after he fell and suffered a concussion. During a June 26 status hearing, counsel explained that he had memory issues as a result of the concussion. He was slowly returning "to more of a normal status," but could only work a limited amount of time each day and was concerned that he could not fully represent Mother at the hearing. Counsel

---

[2] The trial court subsequently entered an interlocutory judgment, which terminated the parental rights of the alleged fathers of K.P.P. and K.K.P. and the unknown father of J.D.K.P.-G. based on their failure to register with the paternity registry. *See* TEX. FAM. CODE ANN. § 161.002(b). K.D.L. was placed in her father's care while the case was pending, and the trial court appointed her father as her sole managing conservator following the final hearing.

advised that he would be willing to work a situation in which someone "sub[bed] in" as co-counsel.

The trial court carried the motion to withdraw but appointed another attorney as co-counsel to help. The trial court authorized the court reporter to prepare a transcript of the first day of the final hearing for co-counsel's review but did not authorize transcription of two prior permanency hearings in the case.[3] Instead, the trial court noted that other counsel in the case could inform co-counsel what transpired at the hearings. The Department's counsel advised that she had transcripts of two other prior hearings that could be made available to co-counsel. The trial court told Mother's counsel to get co-counsel "up to speed," and he agreed to do so. On June 29, the trial court signed an order appointing co-counsel to represent Mother.

On July 11, Mother filed a motion for continuance of the final hearing. Citing co-counsel's recent appointment, the motion sought a continuance because he required "more time in preparation for the case."

---

[3] The trial court expressed its opinion that co-counsel would need only the transcript from the first day of the final hearing. The trial court summarized the permanency hearings, each of which lasted only twenty to thirty minutes, as follows:

> [Mother] had a service plan, she did nothing. She has to take drug tests, she did none. She doesn't want to let her father see the children. She didn't do it. She has issues communicating with her children. Every time she sees them, they start misbehaving, or they don't want to talk to her."

The court then stated, "I think somebody can tell [co-counsel] that. They can also tell him that she won last time, that I already gave the kids back once, and then she's right back here. So he might need to know that, too."

The final hearing resumed on July 20. Co-counsel re-urged his motion for continuance, explaining that he had issues with preparation, including responding to discovery requests from the guardian ad litem and "as far as getting everything in order with my client." The trial court denied the motion, noting that the case had already "been extended way too long" and Mother's original counsel had been available to bring co-counsel up to speed.[4] Seven additional witnesses then testified. At the close of the evidence, the trial court requested that the parties provide their arguments and recommendations in a letter brief.

On August 18, the trial court signed a Findings of Fact and Conclusions of Law and Final Order. The trial court found by clear and convincing evidence that Mother's parental rights with regard to the children should be terminated based on sections 161.001(b)(1)(D), (E), (N), and (O) of the Texas Family Code and that termination was the children's best interests.[5] The trial court also found that appointing Grandfather as a conservator was not in the best interest of the children.

---

[4] The reporter's record indicates that both co-counsel and original counsel appeared when the final hearing resumed on July 20.

[5] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D) (knowingly placing or knowingly allowing child to remain in conditions or surroundings which endanger child's physical or emotional well-being); § 161.001(b)(1)(E) (engaging in conduct, or knowingly placing child with persons who engaged in conduct, that endangers child's physical or emotional well-being); 161.001(b)(1)(N) (constructively abandoning child who has been in permanent or temporary managing conservatorship of Department for not less than six months, and (i) Department made reasonable efforts to return child to parent; (ii) parent has not regularly visited or maintained significant contact with child; and (iii) parent demonstrated an inability to provide child with safe environment); § 161.001(b)(1)(O) (failing to comply with provisions of court order that specifically established actions necessary for parent to obtain return of child who has been in permanent or temporary managing conservatorship of Department for not less than nine months as a result of child's removal from parent under Chapter 262 for abuse or neglect of child); § 161.001(b)(2) (termination is in child's best interest).

On August 29, the trial court signed an Order of Termination and Final Order in Suit Affecting the Parent-Child Relationship.

This appeal followed.

## Motion for Continuance

Mother does not challenge the grounds for termination of her parental rights or the trial court's finding that termination of her parental rights was in the children's best interests. Instead, in a single issue, she asserts the trial court abused its discretion by denying her motion for continuance. The Department responds that Mother failed to establish "sufficient cause" for continuing the final hearing and cannot demonstrate that the outcome of the hearing would have been different had she had additional time to prepare.

A party moving for continuance must show sufficient cause supported by affidavit, by consent of the parties, or by operation of law.[6] TEX. R. CIV. P. 251; *Hitselberger v. Bakos*, No. 05-21-00146-CV, 2022 WL 16735374, at \*2 (Tex. App.—Dallas Nov. 7, 2022, no pet.) (mem. op.). An attorney's unsworn declaration satisfies Rule 251's affidavit requirement. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (unsworn declaration may be used in lieu of verification, certification, or affidavit).

---

[6] In addition to Texas Rule of Civil Procedure 251, Mother's motion for continuance cited section 263.4011 of Texas Family Code. *See* TEX. FAM. CODE ANN. § 263.4011 (requiring a trial court to "render a final order not later than the 90th day after the date the trial commences" unless the court extends the 90-day period in writing and for good cause). On appeal, however, Mother cites only Rule 251, so we limit our review to whether the trial court abused its discretion in denying a continuance under that rule.

We review a trial court's denial of a motion for continuance in a termination of parental rights case for an abuse of discretion. *See In re R.F. III*, 423 S.W.3d 486, 490 (Tex. App.—San Antonio 2014, no pet.); *In re L.C.W.*, 411 S.W.3d 116, 123 (Tex. App.—El Paso 2013, no pet.). We reverse the denial only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "Whether a continuance should have been granted is to be judged in light of the facts before the trial judge at the time the motion was presented." *Wade v. Vertical Comput. Sys., Inc.*, No. 05-22-00454-CV, 2023 WL 3114671, at *3 (Tex. App.—Dallas Apr. 27, 2023, pet. filed) (mem. op.) (citing *Hitselberger*, 2022 WL 16735374, at *2).

Mother's motion for continuance, supported by a declaration by co-counsel, stated only that co-counsel required "more time in preparation for this case." When re-urging the motion before the final hearing resumed, co-counsel explained only that he needed to respond to discovery requests and get "everything in order with" Mother. Neither Mother's motion nor co-counsel's statements identified for the trial court what additional preparation was needed. And, "absent a strong and specific showing of what additional preparation might have been made had the continuance been granted, [a] trial court may deny a continuance without abusing its discretion." *In re P.M.*, No. 07-04-0595-CV, 2006 WL 407077, at *1 (Tex. App.—Amarillo Feb.

–6–

22, 2006, pet. denied) (mem. op.) (citing *Standard Sav. Ass'n v. Cromwell*, 714 S.W.2d 49, 51 (Tex. App.—Houston [14th Dist.] 1986, no writ)).

Mother nevertheless complains that the trial court's termination of her parental rights was based on "significantly more information than was presented at either day of trial" and, because co-counsel was not present for prior hearings, he would have no way to have known what occurred in those hearings or what exhibits had been previously admitted. As support, she cites the trial court's statements during the final hearing that: (1) it was "taking judicial notice of every hearing [it has] ever had in this matter, and any testimony that [it has] heard along the various hearings that we have been talking about"; and (2) it previously had heard testimony regarding Mother's drug use. Co-counsel, however, did not re-urge the motion for continuance or otherwise object in either instance.[7] Nor did co-counsel ever indicate that he had not had an opportunity to learn about the earlier hearings, including what exhibits had been admitted.

A trial court must afford new counsel reasonable time to prepare for trial. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). In this case, co-counsel was appointed only three weeks before the final hearing resumed. However, the record also shows that, prior to co-counsel's appointment, the trial court told Mother's

---

[7] To show that co-counsel was unable to prepare for the final hearing with her, Mother also cites to her testimony during the final hearing that she had evidence to prove she was employed and attended AA/NA classes on her phone. To the extent that her argument implies that she did not share this information with co-counsel before the final hearing resumed, neither the motion for continuance nor co-counsel's statements to the trial court reflect the extent to which, if any, co-counsel was precluded from preparing with Mother or what additional information he needed from her.

original counsel to get co-counsel "up to speed" and he agreed to do so. The reporter's record indicates that original counsel also was present when the final hearing resumed. The trial court had the transcript of the first day of the hearing prepared for co-counsel, the Department's counsel advised that she had transcripts of two other prior hearings, and the trial court told counsel present at the hearing on the motion to withdraw to summarize two additional hearings for co-counsel. Co-counsel did not explain to the trial court why these measures were insufficient, why he had been unable to adequately prepare with Mother during those three weeks, or, specifically, what additional preparation might have been made had a continuance been granted. On this record, we cannot conclude that the trial court abused its discretion in denying the motion for continuance.

We overrule Mother's sole issue.

## Conclusion

We affirm the trial court's Order of Termination and Final Order in Suit Affecting the Parent-Child Relationship.

/Craig Smith/
CRAIG SMITH
JUSTICE

230847F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.P.P.,
K.K.P., J.D.K.P.-G., AND K.D.L,
CHILDREN

No. 05-23-00847-CV        V.

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. FA-22-0717.
Opinion delivered by Justice Smith.
Justices Molberg and Carlyle
participating.


In accordance with this Court's opinion of this date, the trial court's Order of Termination and Final Order in Suit Affecting the Parent-Child Relationship is **AFFIRMED**.


Judgment entered this 14th day of November 2023.